IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WADITH STOCKINGER NADER and STACEY NICHOLE NADER, | ) ) ) | Case No. 8:17-cv-83 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| THE CITY OF PAPILLION; SARPY COUNTY; BRYAN SVAJGL; BENJAMIN IVERSEN; SCOTT A. LYONS; L. KENNETH POLIKOV; and JENNIFER MIRALLES, | ) ) ) ) ) ) | ANSWER OF DEFENDANTS SARPY COUNTY, L. KENNETH POLIKOV, and JENNIFER MIRALLES |
| Defendants. | ) | |

COMES NOW, the Defendants, Sarpy County, Nebraska, L. Kenneth Polikov, and Jennifer Miralles, and for their Answer to the Complaint, deny, admit, and/or otherwise allege as follows:

1.  Defendants admit so much of paragraph 1 of Plaintiffs' Complaint that alleges they are bringing a civil rights action, but otherwise deny each and every allegation contained in said paragraph 1.

2.  Defendants neither admit nor deny those allegations contained in paragraphs 2, 3, 4, and 5 of Plaintiffs' Complaint, but places Plaintiffs on strict proof of such allegations.

3.  Defendants admit the allegations contained in paragraphs 6 and 7 of Plaintiffs' Complaint regarding the citizenship of the Plaintiffs.

4.  Defendants admit paragraph 8 of the Plaintiff's Complaint.

5.  Defendants are without sufficient knowledge to admit paragraphs 9 and 10 of Plaintiffs' Complaint, and therefore deny the same.

6. Defendants admit paragraphs 11 and 12 of Plaintiffs' Complaint.

7. Defendants admit that they were acting within the scope of their duties as prosecutors at all times relevant to this action as set forth in paragraph 13 of Plaintiffs' Complaint. Defendants admit that as prosecutors, they would be acting under the color of state law with respect to their official actions. Defendants deny each and every other allegation contained in paragraph 13 not specifically admitted herein.

8. Defendants admit that the City of Papillion is a political subdivision of the State of Nebraska as alleged in paragraph 14 of Plaintiffs' Complaint and was the employer of Bryan Svajgl. Defendants are without sufficient information to admit or deny who the employer was of the other Defendants as set forth in paragraph 14, and therefore places Plaintiffs on strict proof thereof.

9. Defendants admit the allegations contained in paragraph 15 of Plaintiffs' Complaint.

10. Defendants are without sufficient information to admit or deny paragraphs 16, 17, 18, 19, 20, or 21 of Plaintiff's Complaint, and therefore deny the same.

11. Defendants admit paragraphs 22 and 23 of Plaintiffs' Complaint.

12. Defendants are without sufficient information to admit or deny paragraph 24 of Plaintiffs' Complaint, and therefore deny the same.

13. Defendants admit that portion of paragraph 25 of Plaintiffs' Complaint that as part of the investigation, the Defendant Bryan Svajgl of the Papillion Police Department requested and received a search warrant to search the Plaintiffs' home. Defendants allege such search warrant application was based upon probable cause, and a neutral detached magistrate issued such search warrant based upon the contents of the Application and affidavit submitted by Defendant Svajgl. Defendants deny any other allegations contained in paragraph 25 not specifically admitted herein.

14. Defendants admit those allegations contained in paragraph 26 of Plaintiffs' Complaint that the search warrant, which was obtained from a neutral magistrate, was executed by sworn officers on March 17, 2015. Defendants deny any other allegations contained in paragraph 26 not specifically admitted herein.

15. Defendants admit Plaintiff Wadith Nader was at home at the time the search warrant was executed as set forth in paragraph 27 of Plaintiffs' Complaint, but deny each and every allegation not specifically admitted herein in said paragraph.

16. Defendants admit that portion of the Plaintiffs' Complaint at paragraph 28 that certain suspicious "chemicals" were found in "plain view" within the Plaintiffs' home during the lawful search authorized under the search warrant, but deny the balance of any allegations in said paragraph not specifically admitted herein.

17. Defendants admit that portion of Plaintiffs' Complaint at paragraph 29 that alleges certain books on terrorism were found during the lawful search as otherwise authorized under the search warrant , and within the "plain view" of such officer or officers conducting such search, but deny the balance of any allegations in said paragraph not specifically admitted herein.

18. Defendants admit that because of the suspicious "chemicals" and the books on terrorism found during the lawful search, and within their "plain view", that the officers executing the search warrant contacted another law enforcement "bomb specialty team" to assist them as alleged in paragraph 30 of Plaintiffs' Complaint. Defendants allege that numerous watch or time-piece components that had been dismantled were additionally located before they called such "bomb specialty team." Defendants deny the balance of any allegations in said paragraph not specifically admitted herein.

19. Defendants deny each and every allegation contained in paragraphs 31, 32, 33, 34, 35, and 36 of Plaintiffs' Complaint.

20. Defendants admit that portion of paragraph 37 of Plaintiffs' Complaint that Plaintiff Wadith "Paul" Nader was arrested, and later charged by formal Complaint and Information with Possession of Child Pornography, which Complaint was later amended. Defendants allege that probable cause existed to file such charges against the Plaintiff Wadith "Paul" Nader.

21. Defendants are without sufficient information to admit or deny paragraphs 38 and 39 of Plaintiffs' Complaint, and therefore deny the same.

22. Defendants admit that portion of paragraph 40 of Plaintiffs' Complaint that alleges Plaintiff Wadith "Paul" Nader was held in pretrial detention from March 17 to April

13, 2015, but allege the same was done with court approval. Defendants deny any other allegation not specifically admitted herein.

23. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 41 of Plaintiffs' Complaint, and therefore deny the same.

24. Defendants admit that portion of paragraphs 42 and 43 of Plaintiffs' Complaint alleging that on April 13, 2015, pursuant to court hearing, Plaintiff Wadith "Paul" Nader was released from jail, and further allege that such release was under a court-ordered conditional bond, including a surrender of his passport as a potential "flight risk," and a further condition of not having contact with minor children. Defendants deny any other allegation of said paragraphs 42 and 43 not specifically admitted herein.

25. Defendants admit that portion of paragraphs 44 and 45 of Plaintiffs' Complaint alleging that certain criminal charges then pending against Wadith "Paul" Nader were dismissed by the Sarpy County Attorney's office on October 14, 2015, and further allege the said dismissal was "without prejudice." Defendants deny any other allegation of said paragraphs 44 and 45 not specifically admitted herein.

26. Defendants deny each and every allegation contained within paragraphs 46, 47, 48, 49, 50, 51, 52, and 53 of the section of Plaintiffs' Complaint entitled "**INJURIES.**"

27. Defendants restate and re-allege with regard to paragraph 54 of Plaintiffs' Complaint, which repeats and re-alleges prior allegations made, the Defendants' previous responses to those paragraphs 1 through 53 as if fully set forth herein.

28. Defendants deny each and every allegation contained within paragraphs 55 through 58 of the section of Plaintiffs' Complaint entitled "**COUNT I.**"

29. Defendants restate and re-allege with regard to paragraph 59 of Plaintiffs' Complaint, which repeats and re-alleges prior allegations made, the Defendants' previous responses to those paragraphs 1 through 58 as if fully set forth herein.

30. Defendants deny each and every allegation contained within paragraphs 60 through 64 of the section of Plaintiffs' Complaint entitled "**COUNT II.**"

31. Defendants restate and re-allege with regard to paragraph 65 of Plaintiffs' Complaint, which repeats and re-alleges prior allegations made, the Defendants' previous responses to those paragraphs 1 through 64 as if fully set forth herein.

32. Defendants deny each and every allegation contained within paragraphs 66 through 71 of the section of Plaintiffs' Complaint entitled "**COUNT III.**"

33. Defendants restate and re-allege with regard to paragraph 72 of the Plaintiffs' Complaint, which repeats and re-alleges prior allegations made, the Defendants' previous responses to those paragraphs 1 through 71 as if fully set forth herein.

34. Defendants deny each and every allegation contained within paragraphs 73 through 77 of the section of Plaintiffs' Complaint entitled "**COUNT IV.**"

<u>AFFIRMATIVE DEFENSES</u>

For their affirmative defenses, the Defendants allege and state as follows:

35. Defendants affirmatively allege that the officers involved had probable cause to arrest Plaintiff Wadith "Paul" Nader for a criminal act  possessed a validly issued search warrant by a detached neutral magistrate to search Plaintiffs' premises; to observe and to seize other evidence in "plain view"; to question the Plaintiff during the search and his subsequent arrest; and to request that he be detained to appear before a judicial officer to answer charges filed.

36. Defendants Miralles and Polikov affirmatively allege that they are entitled to absolute prosecutorial immunity.

37. Defendants affirmatively allege that Plaintiffs' claims for any malicious prosecution or any other tortious act alleged  are barred by immunity set forth at Neb. Rev. Stat. §13-910(1), (2), and (7).

38. Defendants affirmatively allege that Plaintiffs have failed to mitigate their damages.

39. Defendants affirmatively allege that Plaintiffs' claims are subject to the doctrine of avoidable consequences.

40. Defendants affirmatively allege that Plaintiffs are not entitled to any damages alleged, nor any punitive damages alleged.

41. Defendants affirmatively allege that Sarpy County, Nebraska, maintains no unlawful or unconstitutional policies, customs, or a failure to train, that was a moving force that caused the Plaintiffs' injury.

42. Defendants affirmatively allege that they are entitled to qualified immunity

from suit for any claims asserted against them in their individual capacities that are not otherwise covered by their entitlement to absolute prosecutorial immunity.

43. Defendants affirmatively allege that they acted in good faith, were not deliberately indifferent, and did not violate any recognized constitutional rights of the Plaintiffs at all times relevant to the Complaint.

44. Defendants affirmatively allege that Plaintiffs' Complaint fails to allege sufficient facts to state a claim against them.

45. Defendant Sarpy County, Nebraska, is not properly named as a Defendant in this matter, and further cannot be held liable under any respondeat or employer/employee liability theory.

WHEREFORE, having fully answered, the above-named Defendants Polikov, Miralles, and Sarpy County, Nebraska, jointly pray that the Complaint be dismissed at Plaintiffs' costs, and that the Defendants recover their costs and attorneys fees expended herein in their defense of the claims of Plaintiffs. Defendants also demand trial by jury in Omaha, Nebraska.

        SARPY COUNTY, L. KENNETH POLIKOV, and JENNIFER MIRALLES, Defendants,

BY:   s/ Vincent Valentino
        Vincent Valentino, #14288
        Nebraska Telephone Building
        130 South 13th Street
        Suite 300
        Lincoln, NE 68508
        (402) 742-9240
        vince@nrmainc.info

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of the same to Plaintiff's counsel, Christopher J. Tjaden and Zachary W. Lutz-Priefert.

BY:   s/ Vincent Valentino
        Vincent Valentino, #14288