IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WADITH STOCKINGER NADER and STACEY NICHOLE NADER, | ) ) ) | Case No. 8:17-cv-83 |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | |
| THE CITY OF PAPILLION; SARPY COUNTY; BRYAN SVAJGL; BENJAMIN IVERSEN; SCOTT A. LYONS; L. KENNETH POLIKOV; and JENNIFER MIRALLES, | ) ) ) ) ) ) | ANSWER OF DEFENDANTS SARPY COUNTY, L. KENNETH POLIKOV, and JENNIFER MIRALLES TO AMENDED COMPLAINT |
| Defendants. | ) ) | |

COMES NOW, the Defendants, Sarpy County, Nebraska, L. Kenneth Polikov, and Jennifer Miralles, and for their Answer to the Amended Complaint, deny, admit, and/or otherwise allege as follows:

1.      Defendants admit so much of paragraph 1 of Plaintiffs' Amended Complaint that alleges they are bringing a civil rights action, but otherwise deny each and every allegation contained in said paragraph 1.

2.      Defendants neither admit nor deny those allegations contained in paragraphs 2, 3, 4, and 5 of Plaintiffs' Amended Complaint, but places Plaintiffs on strict proof of such allegations contained therein.

3.      Defendants admit the allegations contained in paragraphs 6 and 7 of Plaintiffs' Amended Complaint regarding the citizenship and current residency of the Plaintiffs.

4.      Defendants admit paragraph 8 of Plaintiff's Amended Complaint.

5.      Defendants are without sufficient knowledge to admit paragraphs 9 and 10

1

of Plaintiffs' Amended Complaint, and therefore deny the same.

6.     Defendants admit paragraphs 11 and 12 of Plaintiffs' Amended Complaint.

7.     Defendants admit that they were acting within the scope of their duties as prosecutors at all times relevant to this action as set forth in paragraph 13 of Plaintiffs' Amended Complaint. Defendants admit that as prosecutors, they would be acting under the color of state law with respect to their official actions. Defendants deny each and every other allegation contained in paragraph 13 not specifically admitted herein.

8.     Defendants admit that the City of Papillion is a political subdivision of the State of Nebraska as alleged in paragraph 14 of Plaintiffs' Amended Complaint and was the employer of Bryan Svajgl. Defendants are without sufficient information to admit or deny who the employer was of the other Defendants as set forth in paragraph 14, and therefore places Plaintiffs on strict proof thereof.

9.     Defendants admit the allegations contained in paragraph 15 of Plaintiffs' Amended Complaint.

10.     Defendants are without sufficient information to admit or deny paragraphs 16, 17, 18, 19, 20, or 21 of Plaintiffs' Amended Complaint, and therefore deny the same.

11.     Defendants admit paragraphs 22 and 23 of Plaintiffs' Amended Complaint.

12.     Defendants are without sufficient information to admit or deny paragraph 24 of Plaintiffs' Amended Complaint, and therefore deny the same.

13.     Defendants admit that portion of paragraph 25 of Plaintiffs' Amended Complaint that as part of the investigation, the Defendant Bryan Svajgl of the Papillion Police Department requested and received a search warrant to search the Plaintiffs' home. Defendants allege such search warrant application was based upon probable cause, and a neutral detached magistrate issued such search warrant based upon the contents of the Application and affidavit submitted by Defendant Svajgl. Defendants deny any other allegations contained in paragraph 25 not specifically admitted herein.

14.     Defendants admit those allegations contained in paragraph 26 of Plaintiffs' Amended Complaint that the search warrant, which was obtained from a neutral magistrate, was executed by sworn officers on March 17, 2015, which included an officer from the Papillion Police Department. Defendants deny any other allegations contained in

2

paragraph 26 not specifically admitted herein.

15.     Defendants admit Plaintiff Wadith Nader was at home at the time the search warrant was executed as set forth in paragraph 27 of Plaintiffs' Amended Complaint, but deny each and every allegation not specifically admitted herein in said paragraph.

16.     Defendants admit that portion of Plaintiffs' Amended Complaint at paragraph 28 that certain suspicious "chemicals" were found in "plain view" within the Plaintiffs' home during the lawful search authorized under the search warrant, but deny the balance of any allegations in said paragraph not specifically admitted herein.

17.     Defendants admit that portion of Plaintiffs' Amended Complaint at paragraph 29 that alleges certain books on terrorism were found during the lawful search as otherwise authorized under the search warrant , and within the  "plain view" of such officer or officers conducting such search, but deny the balance of any allegations in said paragraph not specifically admitted herein.

18.     Defendants admit that because of the suspicious "chemicals" and the books on terrorism found during the lawful search, and within their "plain view", that the officers executing the search warrant contacted another law enforcement "bomb specialty team" to assist them as otherwise alleged in paragraph 30 of Plaintiffs' Amended Complaint. Defendants allege that numerous watch or time-piece components that had been dismantled were additionally located before they called such "bomb specialty team." Defendants deny the balance of any allegations in said paragraph not specifically admitted herein.

19.     Defendants deny each and every allegation contained in paragraphs 31, 32, 33, 34, 35, and 36 of Plaintiffs' Amended Complaint.

20.     Defendants admit that portion of paragraph 37 of Plaintiffs' Amended Complaint that Plaintiff Wadith "Paul" Nader was arrested, and later charged by formal Complaint and Information with Possession of Child Pornography, which Complaint was later amended to include additional counts. Defendants allege that probable cause existed to file such charges against the Plaintiff Wadith "Paul" Nader. Defendants deny any other allegation in paragraph 37 not specifically admitted herein

21.     Defendants are without sufficient information to admit or deny paragraphs 38

3

and 39 of Plaintiffs' Amended Complaint, and therefore deny the same.

22.    Defendants admit that portion of paragraph 40 of Plaintiffs' Amended Complaint that alleges Plaintiff Wadith "Paul" Nader was held in pretrial detention from March 17 to April 13, 2015, but allege the same was done with court authorization during several bond hearings. Defendants deny any other allegation not specifically admitted herein.

23.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 41 of Plaintiffs' Amended Complaint, and therefore deny the same.

24.    Defendants admit that portion of paragraphs 42 and 43 of Plaintiffs' Amended Complaint alleging that on April 13, 2015, pursuant to court hearing, Plaintiff Wadith"Paul" Nader was released from jail, and further allege that such release was under a court-ordered conditional bond, including a surrender of his passport as a potential "flight risk," and a further condition of not having contact with minor children. Defendants deny any other allegation of said paragraphs 42 and 43 not specifically admitted herein.

25.    Defendants admit those portions of paragraphs 44 and 45 of Plaintiffs' Amended Complaint alleging that the Douglas County Sheriff's Department ceased their forensic investigation of certain computer equipment seized under the search warrant issued, and that certain criminal charges then pending against Wadith "Paul" Nader were dismissed by the Sarpy County Attorney's office on October 14, 2015. The Defendants further allege the said dismissal was "without prejudice." Defendants deny any other allegation of said paragraphs 44 and 45 not specifically admitted herein.

26.    Defendants deny each and every allegation contained within paragraphs 46, 47, 48, 49, 50, 51, 52, and 53 of the section of Plaintiffs' Amended Complaint entitled "**INJURIES.**"

27.    Defendants restate and re-allege with regard to paragraph 54 of Plaintiffs' Amended Complaint, which repeats and re-alleges prior allegations made by Plaintiffs, the Defendants' previous responses to those paragraphs 1 through 53 as if fully set forth herein.

28.    Defendants deny each and every allegation contained within paragraphs 54 through 59 of the section of Plaintiffs' Amended Complaint entitled "**COUNT I.**"

4

29.    Defendants restate and re-allege with regard to paragraph 60 of Plaintiffs' Amended Complaint, which repeats and re-alleges prior allegations made, the Defendants' previous responses to those paragraphs 1 through 59 as if fully set forth herein.

30.    Defendants deny each and every allegation contained within paragraphs 60 through 66 of the section of Plaintiffs' Amended Complaint entitled "**COUNT II.**"

31.    Defendants restate and re-allege with regard to paragraph 67 of Plaintiffs' Amended Complaint, which repeats and re-alleges prior allegations made, the Defendants' previous responses to those paragraphs 1 through 66 as if fully set forth herein.

32.    Defendants deny each and every allegation contained within paragraphs 67 through 74 of the section of Plaintiffs' Amended Complaint entitled "**COUNT III."**

33.    Defendants restate and re-allege with regard to paragraph 75 of the Plaintiffs' Amended Complaint, which repeats and re-alleges prior allegations made, the Defendants' previous responses to those paragraphs 1 through 74 as if fully set forth herein.

34.    Defendants deny each and every allegation contained within paragraphs 75 through 81 of the section of Plaintiffs' Amended Complaint entitled "**COUNT IV.**"

<u>AFFIRMATIVE DEFENSES</u>

For their affirmative defenses, the Defendants allege and state as follows:

35.    Defendants affirmatively allege that the officers involved had probable cause to arrest Plaintiff Wadith "Paul" Nader for a criminal act  possessed a validly issued search warrant by a detached neutral magistrate to search Plaintiffs' premises; to observe and to seize other evidence in "plain view"; to question the Plaintiff during the search and his subsequent arrest; and to request that he be detained to appear before a judicial officer to answer charges filed.

36.    Defendants Miralles and Polikov affirmatively allege that they are entitled to absolute prosecutorial immunity.

37.    Defendants affirmatively allege that Plaintiffs' claims for any malicious prosecution or any other tortious act alleged  are barred by immunity set forth at Neb. Rev. Stat. §13-910(1), (2), and (7).

38.    Defendants affirmatively allege that Plaintiffs have failed to mitigate their damages.

39.     Defendants affirmatively allege that Plaintiffs' claims are subject to the doctrine of avoidable consequences.

40.     Defendants affirmatively allege that Plaintiffs are not entitled to any damages alleged, nor any punitive damages alleged.

41.     Defendants affirmatively allege that Sarpy County, Nebraska, maintains no unlawful or unconstitutional policies, customs, or a failure to train, that was a "moving force" that caused the Plaintiffs' injury.

42.     Defendants affirmatively allege that they are entitled to qualified immunity from suit for any claims asserted against them in their individual capacities that are not otherwise covered by their entitlement to absolute prosecutorial immunity.

43.     Defendants affirmatively allege that they acted in good faith, were not deliberately indifferent, and did not violate any recognized constitutional rights of the Plaintiffs at all times relevant to the Amended Complaint.

44.     Defendants affirmatively allege that Plaintiffs' Amended Complaint fails to allege sufficient facts to state a claim against them.

45.     Defendant Sarpy County, Nebraska, is not properly named as a Defendant in this matter, and further cannot be held liable under any respondeat or employer/employee liability theory.

WHEREFORE, having fully answered, the above-named Defendants Polikov, Miralles, and Sarpy County, Nebraska, jointly pray that the Amended Complaint be dismissed at Plaintiffs' costs, and that the Defendants recover their costs and attorneys fees expended herein in their defense of the claims of Plaintiffs. Defendants also demand trial by jury in Omaha, Nebraska.

Dated this 23rd day of May, 2017.

6

SARPY COUNTY, L. KENNETH
POLIKOV, and JENNIFER
MIRALLES, Defendants,

BY:    s/ Vincent Valentino
         Vincent Valentino, #14288
         Nebraska Telephone Building
         130 South 13th Street
         Suite 300
         Lincoln, NE 68508
         (402) 742-9240
         (402) 742-9250 (fax)
         vince@nrmainc.info

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of the same to counsel of record, Christopher J. Tjaden, Zachary W. Lutz-Priefert, Ryan M. Kunhart, and Jeffrey J. Blumel.

BY:    s/ Vincent Valentino
         Vincent Valentino, #14288

7