IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WADITH STOCKINGER NADER and STACEY NICHOLE NADER,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF PAPILLION; SARPY COUNTY; BRYAN SVAJGL; BENJAMIN IVERSEN; SCOTT A. LYONS; L. KENNETH POLIKOV; and JENNIFER MIRALLES,<br><br>Defendants. | CASE NO. 8:17-cv-83<br><br><br><br>ANSWER OF THE CITY OF PAPILLION, BRYAN SVAJGL, AND SCOTT A. LYONS TO AMENDED <u>COMPLAINT</u> |

COME NOW, Defendants, The City of Papillion ("Papillion"), Bryan Svajgl ("Svajgl"), and Scott A. Lyons ("Lyons") (sometimes collectively referred to as the "Defendants") and for their Answer to the Plaintiffs' Amended Complaint ("Complaint") filed herein, state and allege as follows:

1. Defendants admit the Plaintiffs have brought a civil rights action, but deny the remaining allegations in Paragraph 1 of the Complaint.

2. Defendants admit that the Plaintiffs have brought their Complaint pursuant to 42 U.S.C. § 1983, but deny the remaining allegations in Paragraph 2 of the Complaint.

3. Defendants admit this Court has jurisdiction under 28 U.S.C. § 1331. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Complaint and therefore deny the same.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore deny the same.

7. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore deny the same.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore deny the same.

12. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore deny the same.

13. Svajgl and Lyons admit that they were acting within the scope of their duties as employees of Papillion and that they were acting under the color of state law at all times relevant to this action. Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14. Defendants admit that Papillion is a political subdivision of the State of Nebraska. Papillion admits that at all times relevant to this action it employed Svajgl. Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15. Defendants admit that the County of Sarpy, Nebraska is a political subdivision of the State of Nebraska. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint and therefore deny the same.

16. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore deny the same.

17. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore deny the same.

18. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore deny the same.

19. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore deny the same.

20. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore deny the same.

21. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore deny the same.

22. Defendants admit the allegations in Paragraph 22 of the Complaint.

23. Defendants admit the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants admit that they received a search warrant (the "Search Warrant") to search the Plaintiffs' home and affirmatively state that the terms of the Search Warrant and the affidavit and application for issuance of a search warrant speak for themselves and deny each and every allegation not consistent with the terms of such documents. Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26. Defendants admit that they executed the Search Warrant at the Plaintiffs' home on March 17, 2015 and affirmatively state that the terms of the Search Warrant and the affidavit and application for issuance of a search warrant speak for themselves and deny each and every allegation not consistent with the terms of such documents. Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

27. Defendants admit that Plaintiff Wadith Nader was at his home at the time the Search Warrant was executed on March 17, 2015. Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28. Defendants affirmatively state that at the time the Search Warrant was executed on March 17, 2015, certain chemicals were found in plain view in the Plaintiffs' home. Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

29. Defendants affirmatively state that at the time the Search Warrant was executed on March 17, 2015, certain books on terrorism were found in plain view in the Plaintiffs' home. Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants admit that Plaintiff Wadith Nader was arrested and affirmatively state that he was charged by formal Complaint and Information, as amended, that the terms of the Complaint and Information speak for themselves and deny each and every allegation not consistent with the terms of such documents. Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore deny the same.

39. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore deny the same.

40. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore deny the same.

41. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore deny the same.

42. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore deny the same.

43. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore deny the same.

44. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore deny the same.

45. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore deny the same.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Regarding Paragraph 54 of the Complaint, Defendants incorporate and restate their answers to Paragraphs 1 through 53 of the Complaint, inclusive, as if fully set forth herein.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore deny the same.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint does not contain factual allegations to which a response is necessary. To the extent a response is necessary, Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Regarding Paragraph 60 of the Complaint, Defendants incorporate and restate their answers to Paragraphs 1 through 59 of the Complaint, inclusive, as if fully set forth herein.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and therefore deny the same.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint does not contain factual allegations to which a response is necessary. To the extent a response is necessary, Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Regarding Paragraph 67 of the Complaint, Defendants incorporate and restate their answers to Paragraphs 1 through 66 of the Complaint, inclusive, as if fully set forth herein.

68. Defendants deny the allegations in Paragraph 686 (sic.) of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint does not contain factual allegations to which a response is necessary. To the extent a response is necessary, Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Regarding Paragraph 75 of the Complaint, Defendants incorporate and restate their answers to Paragraphs 1 through 74 of the Complaint, inclusive, as if fully set forth herein.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and therefore deny the same.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint does not contain factual allegations to which a response is necessary. To the extent a response is necessary, Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants generally deny each and every other allegation of the Complaint, except those allegations specifically admitted herein and those allegations against the interests of the Plaintiffs.

## AFFIRMATIVE DEFENSES

83. The Complaint fails to state claims upon which relief can be granted.

84. Svajgl and Lyons were sworn law enforcement officers of Papillion, and they acted in good faith and without malice and performed their duties with reasonable belief that their actions were authorized and in accordance with existing law and authority.

85. Svajgl and Lyons are entitled to qualified immunity.

86. Papillion is not a proper Defendant in this matter and cannot be held liable under the theories of respondeat superior or employer/employee liability.

87. The Search Warrant was supported by probable cause and validly issued by the County Court of Sarpy County, Nebraska.

88. Defendants had probable cause to arrest Plaintiff Wadith Nader.

89. Plaintiffs' claims for malicious prosecution and any other tort are barred by Neb. Rev. Stat. § 13-910.

90. Defendants affirmatively state that Papillion does not maintain any unconstitutional or unlawful policies, customs or procedures.

91. Defendants affirmatively state that Papillion adequately trains its police officers on the issues alleged in the Complaint.

92. Plaintiffs have failed to mitigate their damages.

93. Plaintiffs are not entitled to punitive damages.

94. Plaintiffs' claims are subject to the doctrine of avoidable consequences.

## JURY DEMAND

Defendants hereby also demand trial by jury in Omaha, Nebraska.

WHEREFORE, having fully answered, the Defendants pray that the Plaintiffs' Complaint be dismissed with prejudice, at Plaintiffs' costs, and that the Defendants be awarded their costs in connection with this litigation.

DATED this 30th day of May, 2017.

THE CITY OF PAPILLION, BRYAN SVAJGL, AND SCOTT A. LYONS, Defendants

By: /s/ Ryan M. Kunhart
Ryan M. Kunhart, #24692
Jeffrey J. Blumel, #19011
Abrahams Kaslow & Cassman LLP
8712 West Dodge Road, Suite 300
Omaha, NE 68114
rkunhart@akclaw.com
jblumel@akclaw.com
Telephone: (402) 392-1250
Attorneys for Defendants The City of Papillion, Bryan Svajgl, and Scott A. Lyons

### CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

/s/ Ryan M. Kunhart
Ryan M. Kunhart