IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WADITH STOCKINGER NADER and STACEY NICHOLE NADER, | ) ) ) | CASE NO. 8:17-cv-83 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | ANSWER OF BENJAMIN IVERSEN TO AMENDED COMPLAINT |
| THE CITY OF PAPILLION; SARPY COUNTY; BRYAN SVAJGL; BENJAMIN IVERSEN; SCOTT A. LYONS; L. KENNETH POLIKOV; and JENNIFER MIRALLES, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

COMES NOW, Defendant, Benjamin Iversen ("Iversen"), and for his Answer to the Plaintiffs' Amended Complaint ("Complaint") filed herein, states and alleges as follows:

1. Iversen admits the Plaintiffs have brought a civil rights action, but denies the remaining allegations in Paragraph 1 of the Complaint.

2. Iversen admits that the Plaintiffs have brought their Complaint pursuant to 42 U.S.C. § 1983, but denies the remaining allegations in Paragraph 2 of the Complaint.

3. Iversen admits this Court has jurisdiction under 28 U.S.C. § 1331. Iversen is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Complaint and therefore denies the same.

4. Iversen admits the allegations in Paragraph 4 of the Complaint.

5. Iversen admits the allegations in Paragraph 5 of the Complaint.

6. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies the same.

7. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies the same.

8. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore denies the same.

9. Iversen denies the allegations in Paragraph 9 of the Complaint.

10. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies the same.

11. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies the same.

12. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies the same.

13. Iversen admits that he was acting within the scope of his duties and that he was acting under the color of state law at all times relevant to this action. Iversen denies the remaining allegations in Paragraph 13 of the Complaint.

14. Iversen is without information or knowledge sufficient to form a belief as to whether the City of Papillion is a political subdivision of the State of Nebraska and whether the City of Papillion was the employer of Bryan Svajgl and Scott Lyons at all times relevant to this action and therefore denies the same. Iversen denies the remaining allegations in Paragraph 14 of the Complaint.

15. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies the same.

17. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies the same.

19. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies the same.

20. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies the same.

21. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies the same.

22. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies the same.

23. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies the same.

24. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies the same.

25. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies the same.

26. Iversen affirmatively states that the terms of the search warrant ("Search Warrant") speak for themselves and denies each and every allegation not consistent with the terms of such document. Upon information and belief, Iversen admits the allegations in Paragraph 26 of the Complaint.

27. Iversen admits that Plaintiff Wadith Nader was at his home at the time the Search Warrant was executed on March 17, 2015. Iversen denies the remaining allegations in Paragraph 27 of the Complaint.

28. Iversen affirmatively states that at the time the Search Warrant was executed on March 17, 2015, certain chemicals were found in plain view in the Plaintiffs' home. Iversen denies the remaining allegations in Paragraph 28 of the Complaint.

29. Iversen affirmatively states that at the time the Search Warrant was executed on March 17, 2015, certain books on terrorism were found in plain view in the Plaintiffs' home. Iversen denies the remaining allegations in Paragraph 29 of the Complaint.

30. Iversen denies the allegations in Paragraph 30 of the Complaint.

31. Iversen denies the allegations in Paragraph 31 of the Complaint.

32. Iversen denies the allegations in Paragraph 32 of the Complaint.

33. Iversen denies the allegations in Paragraph 33 of the Complaint.

34. Iversen denies the allegations in Paragraph 34 of the Complaint.

35. Iversen denies the allegations in Paragraph 35 of the Complaint.

36. Iversen denies the allegations in Paragraph 36 of the Complaint.

37. Iversen admits that Plaintiff Wadith Nader was arrested. Iversen is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of the Complaint and therefore denies the same.

38. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore denies the same.

39. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore denies the same.

40. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies the same.

41. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies the same.

42. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies the same.

43. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies the same.

44. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies the same.

45. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies the same.

46. Iversen denies the allegations in Paragraph 46 of the Complaint.

47. Iversen denies the allegations in Paragraph 47 of the Complaint.

48. Iversen denies the allegations in Paragraph 48 of the Complaint.

49. Iversen denies the allegations in Paragraph 49 of the Complaint.

50. Iversen denies the allegations in Paragraph 50 of the Complaint.

51. Iversen denies the allegations in Paragraph 51 of the Complaint.

52. Iversen denies the allegations in Paragraph 52 of the Complaint.

53. Iversen denies the allegations in Paragraph 53 of the Complaint.

54. Regarding Paragraph 54 of the Complaint, Iversen incorporates and restates his answers to Paragraphs 1 through 53 of the Complaint, inclusive, as if fully set forth herein.

55. Iversen denies the allegations in Paragraph 55 of the Complaint.

56. Iversen denies the allegations in Paragraph 56 of the Complaint.

57. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore denies the same.

58. Iversen denies the allegations in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint does not contain factual allegations to which a response is necessary. To the extent a response is necessary, Iversen denies the allegations in Paragraph 59 of the Complaint.

60. Regarding Paragraph 60 of the Complaint, Iversen incorporates and restates his answers to Paragraphs 1 through 59 of the Complaint, inclusive, as if fully set forth herein.

61. Iversen denies the allegations in Paragraph 61 of the Complaint.

62. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and therefore denies the same.

63. Iversen denies the allegations in Paragraph 63 of the Complaint.

64. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and therefore denies the same.

65. Iversen denies the allegations in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint does not contain factual allegations to which a response is necessary. To the extent a response is necessary, Iversen denies the allegations in Paragraph 66 of the Complaint.

67. Regarding Paragraph 67 of the Complaint, Iversen incorporates and restates his answers to Paragraphs 1 through 66 of the Complaint, inclusive, as if fully set forth herein.

68. Iversen denies the allegations in Paragraph 686 (sic.) of the Complaint.

69. Iversen denies the allegations in Paragraph 69 of the Complaint.

70. Iversen denies the allegations in Paragraph 70 of the Complaint.

71. Iversen denies the allegations in Paragraph 71 of the Complaint.

72. Iversen denies the allegations in Paragraph 72 of the Complaint.

73. Iversen denies the allegations in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint does not contain factual allegations to which a response is necessary. To the extent a response is necessary, Iversen denies the allegations in Paragraph 74 of the Complaint.

75. Regarding Paragraph 75 of the Complaint, Iversen incorporates and restates his answers to Paragraphs 1 through 74 of the Complaint, inclusive, as if fully set forth herein.

76. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and therefore denies the same.

77. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint and therefore denies the same.

78. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and therefore denies the same.

79. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and therefore denies the same.

80. Iversen is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint and therefore denies the same.

81. Paragraph 81 of the Complaint does not contain factual allegations to which a response is necessary. To the extent a response is necessary, Iversen denies the allegations in Paragraph 81 of the Complaint.

82. Iversen generally denies each and every other allegation of the Complaint, except those allegations specifically admitted herein and those allegations against the interests of the Plaintiffs.

## AFFIRMATIVE DEFENSES

83. The Complaint fails to state claims upon which relief can be granted.

84. Iversen was a sworn law enforcement officer of the City of LaVista, Nebraska, and he acted in good faith and without malice and performed his duties with reasonable belief that his actions were authorized and in accordance with existing law and authority.

85. Iversen is entitled to qualified immunity.

86. Upon information and belief, the Search Warrant was supported by probable cause and validly issued by the County Court of Sarpy County, Nebraska.

87. Upon information and belief, Defendants had probable cause to arrest Plaintiff Wadith Nader.

88. Plaintiffs' claims for malicious prosecution and any other tort are barred by Neb. Rev. Stat. § 13-910.

89. Plaintiffs have failed to mitigate their damages.

90. Plaintiffs are not entitled to punitive damages.

91. Plaintiffs' claims are subject to the doctrine of avoidable consequences.

## JURY DEMAND

Iversen hereby also demands trial by jury in Omaha, Nebraska.

WHEREFORE, having fully answered, Iversen prays that the Plaintiffs' Complaint be dismissed with prejudice, at Plaintiffs' costs, and that Iversen be awarded his costs in connection with this litigation.

DATED this 30th day of May, 2017.

                              BENJAMIN IVERSEN, Defendant

                              By: /s/ Ryan M. Kunhart
                                  Ryan M. Kunhart, #24692
                                  Jeffrey J. Blumel, #19011
                                  Abrahams Kaslow & Cassman LLP
                                  8712 West Dodge Road, Suite 300
                                  Omaha, NE 68114
                                  rkunhart@akclaw.com
                                  jblumel@akclaw.com
                                  Telephone: (402) 392-1250
                                  Attorneys for Defendant Benjamin Iversen

## **CERTIFICATE OF SERVICE**

     I hereby certify that on May 30, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

                                  /s/ Ryan M. Kunhart
                                  Ryan M. Kunhart