IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WADITH STOCKINGER NADER and STACEY NICHOLE NADER,<br><br>                 Plaintiffs<br><br>        vs.<br><br>THE CITY OF PAPILLION; SARPY COUNTY; BRYAN SVAJGL; BENJAMIN IVERSEN; SCOTT A. LYONS; L. KENNETH POLIKOV; and JENNIFER MIRALLES,<br><br>                 Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 8:17-CV-00083<br><br><br>**PLAINTIFFS' INITIAL DISCLOSURES** |

COME NOW Plaintiffs, Wadith Stockinger Nader and Stacey Nichole Nader, by and through their attorney of record, and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, hereby submit their Initial Disclosures as follows:

1.      **Rule 26(a)(1)(A):  The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

   a.      Wadith Stockinger Nader, 912 Hickory Hill Road, Papillion, NE 68046; 703-909-0551.

   b.      Stacey Nichole Nader, 912 Hickory Hill Road, Papillion, NE  68046

   c.      Brigadier General Gregory M. Guillot.  Brigadier General Guillot likely has information regarding Stacey Nader's assignment to Spain, why the assignment was canceled, and Ms. Nader's record while in the Air Force.

d.    Colonel Matthew G. Joganich.  Colonel Joganich is Ms. Nader's day-to-day supervisor, and will testify to Ms. Nader's performance record as part of the Air Force, and issues surrounding Ms. Nader's promotions going forward.

f.    Captain Immanuel J. VonDran, PhD.  Dr. VonDran is a psychologist with the United States Air Force and is the counselor Ms. Nader saw as required by the Department of Health and Human Services.  Dr. VonDran can testify to issues surrounding the time Ms. Nader was under evaluation by the Nebraska Department of Health and Human Services as a result of Mr. Nader's arrest.

g.    Dr. Bridget Larson.  Dr. Bridget Larson is a psychologist seen by Ms. Nader as part of treatment for Ms. Nader's post-traumatic stress disorder caused by Mr. Nader's arrest.

h.    Ms. Brandie Alexander.  Ms. Alexander is the social worker assigned to the Nader case by the Department of Health and Human Services.  Ms. Alexander is able to provide information surrounding the Department of Health and Human Services' investigation.

i.    Ms. Sonja Bristow.  Ms. Bristow is the best friend and godmother of the Nader children.  Ms. Bristow will have information concerning all knowledge surrounding the arrest and prosecution of Mr. Nader including the toll it took on the Nader family.

j.    Julie Fisher.  Ms. Fisher is the nurse for the Flight Medicine Clinic at Offutt Air Force Base.  Ms. Fisher is Ms Nader's primary care nurse and has been

involved in the issues related to Ms. Nader's stress management an identification of post-traumatic stress disorder symptoms.

k.   Dr. Theodore J. DeLaet, PhD. Dr. DeLaet is a psychologist who saw and evaluated Mr. Nader over a span of ten hours concerning the likelihood that Mr. Nader would have committed crimes similar to the one he was charged with, and Mr. Nader's proclivity for committing a crime such as possession of child pornography.

l.   Dr. Joseph C. Stankas, PhD. Dr. Stankas is a psychologist who was seen by Mr. Nader upon his release from prison until mid-2016. Dr. Stankas would have information concerning Mr. Nader's psychological damages as a result of the crimes he was falsely and negligently charged with.

m.   Rev. Friar Victor Novak. Father Novak is the Rector of the Holy Cross Orthodox Church. He has been Mr. and Ms. Nader's priest since Easter, 2012. Father Novak will have information concerning all mental and psychological damages suffered by Mr. Nader.

2.   **Rule 26(a)(1)(B): A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party, and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

a.   Letter received by Ms. Nader regarding being passed for advancement dated February 7, 2017.

b.   Military pay tables.

c.   News reports surrounding Mr. Nader's arrest including WOWT and KETV.

3

d.      Records of search engines searches for Wadith Nader.

e.      Mr. Nader's military performance record and letters relating thereto.

f.      Ms. Nader's military performance record.

g.      The records of the Papillion Police Department surrounding the investigation and search of Mr. Nader.

h.      Email correspondence regarding Ms. Nader's re-stationing to Spain, and the subsequent cancellation of said move.

**3.      Rule 26(a)(1)(C): A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34, the documents or other evidentiary material, not privileged or protected from disclosure, and on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

a.      General damages in excess of $1 million.

b.      Nikki Nader's general damages in an amount which at this time is not specifically determined, but is believed to be in excess of $420,000.00.

c.      Mr. Nader's loss of wage claim, which at this time is not specifically known, but is believed to be a minimum of $420,000.00 not adjusted to inflation.

d.      Damages related to Mr. Nader's time spent in improper confinement of $300,000.00.

e.      The cost incurred by Mr. and Ms. Nader directly related to Mr. Nader's improper arrest of $36,386.17.

f.      Damages to Mr. Nader's credibility of $750,000.00.

4

g.    Punitive damages in an amount equal to the general damages or a percent

thereof.

4.    **Rule 26(a)(1)(D):  For inspection and copying as under Rule 34, any**

**insurance agreement under which any person carrying on an insurance business**

**may be liable to satisfy part or all of the judgment which may be entered in the**

**action or indemnify or reimburse for payments made to satisfy the judgment.**

Not Applicable.

Dated this 26th day of June, 2017.

WADITH STOCKINGER NADER AND
STACEY NICHOLE NADER, Plaintiffs

By: _____
Christopher J. Tjaden, #18413
Zachary Lutz-Priefert, #25902
GROSS & WELCH, P.C., L.L.O.
1500 Omaha Tower
2120 South 72nd Street
Omaha, NE  68124
(402) 392-1500
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Vincent Valentino, Ryan M. Kunhart, & Jeffrey J. Blumel.

_____
Christopher J. Tjaden

12913-1/6C57619