IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WADITH STOCKINGER NADER and ) Case No. 8:17-cv-83
STACEY NICHOLE NADER, )
)
Plaintiffs, )
)
vs. )
)
THE CITY OF PAPILLION; SARPY )
COUNTY; BRYAN SVAJGL; )
BENJAMIN IVERSEN; SCOTT A. )
LYONS; L. KENNETH POLIKOV; and )
JENNIFER MIRALLES, )
)
Defendants. )

## AFFIDAVIT OF JENNIFER HESSIG F/K/A JENNIFER MIRALLES

STATE OF NEBRASKA )
) ss
COUNTY OF SARPY )

I, Jennifer Hessig, formerly known as Jennifer Miralles, being an adult, and competent to make this affidavit under oath, depose and state as follows:

1) I am a resident of Sarpy County, Nebraska, have been licensed to practice law in Nebraska for approximately 13 years, and have been employed as a deputy county attorney for approximately 13 years. I am familiar with the criminal procedural processes employed by the Sarpy County Attorney's Office and the interaction of the Sarpy County Attorney's Office with the District Court and County Court judicial branch.

2) I have appeared in both the Sarpy County Courts and the District Courts regarding criminal cases I have been assigned in the office of the Sarpy County

1

Attorney. I have done a number of felony prosecutions, and am familiar with the investigative processes and the review of investigative reports, and the subsequent charging process, bond settings, preliminary hearings, discovery motions, and other related matters.

3) I was not directly involved in the prosecution of the Plaintiff in this matter, one Wadith Paul Nader. I do recall from the review of the part of the file from the County Attorney's office that I was the "deputy county attorney on call" on March 17, 2015. In the office of the Sarpy County Attorney, each attorney is assigned a week to be "on call". This duty includes taking calls or questions from law enforcement or others involved in the criminal process regarding active investigations or other processes or procedures they might need to know about, including requirements law enforcement might need to fulfill for the judges to issue certain orders, such as detention holds, search warrants, bond hearings, appearances in court, and similar type matters.

4) I have reviewed the pages of the police report created by Detective Bryan Svajgl attached hereto as Exhibit A, and although I have no specific permanent recollection of the call from Detective Svajgl, on March 17, 2015, as I have dealt with so many different phone calls since that time, I can state unequivocally that the following paragraph he has in his report is in error in several respects:

*"I had contact with Sarpy County Attorney Jennifer Miralles and briefed her on the circumstances revolving around this case. She agreed to take custody of Wadith Nader based on the previous confirmed photographs that were reported to be uploaded to Microsoft SkyDrive. Miralles advised that the County Attorney's Office would amend additional counts after the analysis of the digital evidence was complete if needed."*

5) First of all I am not, nor was I on March 17th, 2015 the "County Attorney of Sarpy County", but only a deputy serving under the County Attorney, Lee Polikov. Secondly, I did not state that I "...agreed to take custody of Wadith Nader based on the previous confirmed photographs." I had never seen those photographs prior to such phone call, and the case was never assigned to me for prosecution, as it was eventually

2

assigned to Ben Perlman of the Sarpy County Attorney's Office, who would have reviewed any of those materials.

6) After reviewing that report attached as Exhibit A, my best legal judgment on this matter, is that Detective Svajgl would have called Sarpy County dispatch for the "on call deputy [County Attorney]", who was me on that date. The purpose of the call would have been to determine if he had enough evidence to arrest Mr. Nader, and that he (Svajgl), inquired if he could otherwise take him into custody. The evidence would have consisted of the Microsoft Cybertips provided to his department, allegedly tying Mr. Nader to downloading child pornography, and the search warrant that was signed by a judge, then executed by him and others at Mr. Nader's residence.

7) The Sarpy County Attorney's Office does not, nor has it ever in my time here, "ordered the arrest of a suspect," as that is a statutory duty of a law enforcement officer who has reasonable or probable cause to arrest a person in their presence who has or may be committing a crime. The Sarpy County Attorney's Office only reviews the reports provided by law enforcement and files the necessary charges within generally a 72 hour window, excluding holidays and weekends.

FURTHER AFFIANT SAITH NOT.

_____
Jennifer Hessig
F/K/A Jennifer Miralles

Subscribed and sworn to before me this 14th day of July, 2017.

_____
Notary Public

> State of Nebraska - General Notary
> DEBORAH A FABIAN
> My Commission Expires
> September 24, 2019

3