IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WADITH STOCKINGER NADER and STACEY NICHOLE NADER, | ) ) ) | Case No. 8:17-cv-83 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| THE CITY OF PAPILLION; SARPY COUNTY; BRYAN SVAJGL; BENJAMIN IVERSEN; SCOTT A. LYONS; L. KENNETH POLIKOV; and JENNIFER MIRALLES, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## AFFIDAVIT OF LEE POLIKOV

| | |
|---|---|
| STATE OF NEBRASKA | ) |
| | ) ss |
| COUNTY OF SARPY | ) |

I, Lee Polikov being an adult, and competent to make this affidavit under oath, depose and state as follows:

1) I am a resident of Sarpy County, Nebraska, have been licensed to practice law in Nebraska for 43 years, and have been employed as the elected county attorney for approximately 17 ½ years. I am familiar with the criminal procedural processes employed by the Sarpy County Attorney's Office and the interaction of the Sarpy County Attorney's Office with the County and District Courts located in Sarpy County.

2) As the Sarpy County Attorney, I have appeared in both the Sarpy County Courts and the District Courts regarding criminal cases handled by my office. I have participated

1

in or observed my staff bring to trial a number of felony prosecutions, and am familiar with the investigative processes and the review of investigative reports, and the subsequent charging process, bond settings, preliminary hearings, discovery motions, and other related matters. Newly hired deputy county attorneys are assigned to division or courtroom teams which include a lead attorney with extensive experience as a prosecutor. The lead attorney is then responsible for the new and ongoing training of the deputy county attorney he or she supervises. I have a general office policy book, a copy of which is attached hereto as Exhibit A to my Affidavit. I do not have specific training program or policies that govern how a deputy county attorney handles daily calls from outside law enforcement agencies. However, deputy county attorneys assigned to the pager duty rotation are usually experienced prosecutors. Those with less experience are paired with a veteran attorney who can answer questions and provide guidance as needed.

3) The Nebraska Crime Commission requires all deputy county attorneys obtain twenty (20) hours of continuing legal education (CLE) each calendar year. The Nebraska County Attorneys Association, an organization of Nebraska prosecutors, puts on training sessions for prosecutors at least twice a year where prosecutors can earn CLE credits for participating in such programs. Also, the National District Attorneys Association puts on various weeklong training programs for prosecutors at various sites throughout the country and has basic courses for new prosecutors as well as speakers who teach advanced trial tactics and courses for experienced prosecutors. I allow my office deputies to attend these courses as needed. Both Jennifer Hessig, f/k/a Jennifer Miralles, and Ben Perlman were current with their CLE requirements at all times relevant to this matter.

4) Although I was not directly involved in the prosecution of the Plaintiff in this matter, one Wadith Paul Nader, I do recall from my review of this file from the County Attorney's Office that Jennifer Hessig, f/k/a Jennifer Miralles, apparently was the "deputy

county attorney on call" on March 17, 2015, in the office of the Sarpy County Attorney. My office policy is for attorneys to be assigned a week to be "on call" to take calls or questions from law enforcement or others involved in the criminal process regarding active investigations or other processes or procedures they might need to know about or requirement they might need to fulfill for the county judges to issue certain orders, such as detention holds, search warrants, bond hearings, appearances in court, and similar type maters. It is not my office policy to accompany any law enforcement officer to a judge's chambers to obtain a search warrant or detention warrant unless requested to do so, or to otherwise assist an officer in getting access to a judicial officer to meet with him or her to present the affidavit and an application for search, detention, or arrest unless specifically requested to do so as well.

5) The Sarpy County Attorney's Office does not, nor has it ever in my time here, "ordered the arrest of a suspect," as that is a statutory duty of a law enforcement officer who with reasonable or probable cause can arrest a person in their presence who has or may be committing a crime. When an arrest is made, officers complete a citation with a recommendation for charges. Deputy county attorneys then review the officers' reports and recommendation and file a charge(s) based on evidence presented. To request an arrest warrant, the investigating officer will complete and submit an affidavit for the warrant which contains evidence to support issuance of the arrest warrant. A deputy county attorney will review the affidavit, and if there is sufficient evidence to prove a criminal charge, the deputy county attorney will have a criminal complaint prepared with the charge. Then, a copy of the officer's affidavit is attached to the complaint and submitted to a judge for consideration. Deputy county attorneys will then appear at arraignments, bond settings, preliminary hearings, motion hearings, trial proceedings, sentencings, or other related matters on behalf of the Sarpy County Attorney's Office. We also have a civil division that handles civil matters on behalf of the county and its officials.

6) The deputy county attorney assigned to this Wadith Nader case, Ben Perlman, is an experienced prosecutor. Based upon the notes I reviewed in our office files Ben made a decision to dismiss the case. He did so believing that the Nebraska State Patrol forensics analyst, Shelby Mertens, would not be able to offer the testimony at trial to prove a "knowing" law violation regarding the download of specific child pornography to Nader's computer, although in my opinion this case was capable of submission to a trier of fact. A copy of Ben Perlman's file notes are attached hereto as Ex. B to this affidavit. These notes are part of the criminal file in the case kept in my office in the usual course of business of the Sarpy County Attorney.

FURTHER AFFIANT SAITH NOT.

_____
L. Kenneth Polikov, Sarpy County Attorney

Subscribed and sworn to before me this 13+ day of August, 2017.

GENERAL NOTARY - State of Nebraska
DAYNA S. CROISANT
My Comm. Exp. November 14, 2018

Notary Public

4