IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WADITH STOCKINGER NADER and STACEY NICHOLE NADER, | ) ) ) | Case No. 8:17-cv-83 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| THE CITY OF PAPILLION; SARPY COUNTY; BRYAN SVAJGL; BENJAMIN IVERSEN; SCOTT A. LYONS; L. KENNETH POLIKOV; and JENNIFER MIRALLES, | ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**AFFIDAVIT OF BENJAMIN G. PERLMAN**
_____

| | |
|---|---|
| STATE OF NEBRASKA | ) |
| | ) ss |
| COUNTY OF SARPY | ) |

I, Benjamin G. Perlman, being an adult, and competent to make this affidavit under oath, depose and state as follows:

1) I am a resident of Sarpy County, Nebraska, have been licensed to practice law in Nebraska for nine years, and have been employed as a deputy county attorney for approximately eight years. I am familiar with the criminal procedural processes employed by the Sarpy County Attorney's Office and the interaction of the Sarpy County Attorney's Office with the District Court and County Court judicial branch.

1

2) I have appeared in both the Sarpy County Courts and the District Courts regarding criminal cases I have been assigned in the office of the Sarpy County Attorney. I have done a number of felony prosecutions, and am familiar with the investigative processes and the review of investigative reports, and the subsequent charging process, bond settings, preliminary hearings, discovery motions, and other related matters.

3) I was directly involved in the prosecution of the Plaintiff in this matter, one Wadith "Paul" Nader. I do recall from the review of the file from the County Attorney's office that I was the "deputy county attorney assigned" on or about March 19, 2015, to the *State v Nader* case, CR15-1114/CR15-184. A copy of the Complaint filed in the County Court of Sarpy County is attached hereto at **Exhibit A**. Later, after Mr. Nader waived preliminary hearing, and information was filed in the District Court of Sarpy County under Case No. CR15-184, alleging the same seven counts of possession of child pornography. My file consisted of the police reports and forensic examinations performed by Douglas County and the Nebraska State Patrol that were generated in this matter, including the several affidavits prepared by Detective Bryan Svajgl, which included his investigation into the alleged child pornography images downloaded onto electronic devices possessed by the defendant Wadith "Paul" Nader. Mr. Nader was represented by Mr. Tom Peterson from first appearance on the 19th of March, 2015, until this matter was dismissed without prejudice on October 7, 2015.

4) I have reviewed the file and noted that aside from several bond review hearings, a motion for discovery of evidence, and an order to examine evidence, that several pretrial conferences were continued as I had not received the complete forensics examination from the Nebraska State Patrol criminal forensic laboratory until on or about September 1, 2015. When I received the same, I notified Mr. Peterson and suggested he pick up a copy of the CD relative to such exam, which he did. There was a partial examination of the computer hard drives taken from the Nader residence done by the Douglas County Sheriff's crime lab that found three images of child pornography and were reported to our office on or about May 20, 2015, but Douglas County was unable to complete the rest of the examination, and requested it be completed by

another agency.

5) On or about August 14, 2015, and on or about September 3, 2015, two discovery motions were filed by the defense seeking specific information relating to not only the seven images located on devices possessed by the defendant, but more specifically the laboratory methods and certifications for the items reviewed and the qualifications, methodology, and policy books and certifications of all persons involved in the investigation or examination of the materials seized. I sent the Nebraska State Patrol a copy of those motions for them to respond as to what they had available to disclose.

6) I was contacted prior to October 7, 2015, by the lab examiner Shelby Mertins and her supervisor at the Nebraska State Patrol crime forensics lab, and was informed that they would not be able to testify that the possession of the child porn images were "knowingly possessed" by Mr. Nader. After offering several various plea options to Mr. Nader's attorney, Mr. Peterson, which were declined over a several day period, I then notified Mr. Peterson that I intended to dismiss the pending charges against Mr. Nader without prejudice, which I did on October 7, 2015.

7) My best legal judgment on this matter, after reviewing the criminal file of our office in this matter, was that Mr. Nader's defense that he downloaded over two million pornographic images over a period of time from an otherwise "legal website", disclosed as "all models are over 18 years of age", could support a defense of an "accidental download" of seven images in the thousands of images downloaded and those seven then deleted by him when he saw what they were. The fact they were located in his recycle bin after being deleted could have supported a prosecution as a submissible "possession" case, but after finding out the Nebraska State Patrol Lab technician would testify she could not state that it was "knowingly done" or "intentional" on the defendant's part, I felt it best to dismiss without prejudice and see if he repeated the behavior, or other evidence developed to reopen the case.

8) The Sarpy County Attorney's Office does not, nor has it ever in my time here, "ordered the arrest of a suspect," as that is a statutory duty of a law enforcement officer who has reasonable or probable cause to arrest a person in their presence who has or

may be committing a crime. The Sarpy County Attorney's Office only reviews the reports provided by law enforcement and files the necessary charges within generally a 72-hour window, excluding holidays and weekends.

FURTHER AFFIANT SAITH NOT.

_____
Benjamin G. Perlman

Subscribed and sworn to before me this 25th day of July, 2017.

_____
Notary Public

JENNI M. LAIRD
General Notary State of Nebraska
My Commission Expires
April 19, 2019.