IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WADITH STOCKINGER NADER and STACEY NICHOLE NADER,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF PAPILLION; SARPY COUNTY; BRYAN SVAJGL; BENJAMIN IVERSEN; SCOTT A. LYONS; L. KENNETH POLIKOV; and JENNIFER MIRALLES,<br><br>Defendants. | Case No. 8:17-cv-83 |

## AFFIDAVIT OF SHELBY MERTINS

| | |
|---|---|
| STATE OF NEBRASKA | ) |
| | ) ss |
| COUNTY OF DOUGLAS | ) |

I, Shelby Mertins, being an adult, and competent to make this affidavit under oath, depose and state as follows:

1. That I am a civilian employed by the State of Nebraska, within the Nebraska State Patrol, serving in the position of Information Technology Support Analyst (also referred to as "Digital Forensics Examiner") with the Internet Crimes Against Children Division since 2011. I typically work in the Nebraska State Patrol computer forensic laboratory. My educational background includes a Bachelor of Journalism degree from the University of Nebraska-Lincoln, 71 hours of classes completed in the Microcomputer Technology Program at Southeast Community College, 1,142 hours of specialized digital forensics training to include Certified Forensic Computer Examiner from the International Association of Computer Investigative Specialists, EnCase Certified Examiner from Guidance Software, and X-Ways Forensics from X-Ways Software Technology AG.

1

2. That as part of my usual job functions, I am regularly asked to perform forensic investigation on electronic devices seized by local law enforcement agencies, to aid in those agencies' ongoing criminal investigations.

3. That on or about May 6, 2015, I was asked by Detective Svajgl of the Papillion Police Department to conduct a forensic examination on several different computers and other electronic devices that had been seized in connection with a search warrant of the personal residence Wadith (Paul) Nader, as part of an ongoing criminal investigation by that agency. Detective Svajgl explained that Wadith Nader had been arrested and charged with possession of child pornography in violation of Neb. Rev. Stat. §28-813.01.

4. Detective Svajgl provided me with two CyberTipline Reports (3184694 and 3320099) (commonly referred to as CyberTips) that had earlier been submitted to the Nebraska State Patrol via the National Center for Missing and Exploited Children (NCMEC), and then turned over to his agency, prompting its investigation into Mr. Nader's conduct. Each of these CyberTips contained links to certain images depicting child pornography that Microsoft Corporation had reported as having been electronically transmitted and stored using an email address of Wadith Nader. Each of these CyberTips was also accompanied by supplemental reports from the NCMEC describing its findings that some of the identified images in the CyberTips depicted known child victims. Attached hereto labeled as Exhibit A is a genuine, true, and accurate copy of the CyberTip 3184694 with its supplemental reports. Attached hereto labeled as Exhibit B is a genuine, true, and accurate copy of the CyberTip 3320099 with its supplemental reports, that I received from Detective Svajgl.

5. That attached hereto labeled as Exhibit C is a genuine, true, and accurate copy of the Forensics Investigation Report that I prepared in connection with Detective Svajgl's above request. The contents of this report accurately describe the forensic examination work that I personally conducted on the electronic devices seized from the Nader residence, and my investigative findings. On August 25, 2015, I delivered this report, together with a DVD of the related data collected, to Deputy Sarpy County Attorney Benjamin Perlman, promptly after the completion of my investigative work on the devices.

6. That in late 2015, I recall speaking by phone with Benjamin Perlman, the prosecutor in the criminal case against Mr. Nader, together with my supervisor. I explained to Mr. Perlman that my forensic examination referenced in the attached report revealed no user attribution, and that I found no scientific data that could definitively prove whether Mr. Nader knowingly or intentionally possessed the images depicting child pornography involving known child victims that were otherwise stored on the seized electronic devices that I had analyzed. I also explained that my forensic analysis could not establish the date or time that certain images that were verified by me as depicting child pornography had been moved by a user of a seized laptop computer from certain user-labeled folders on that computer, into the "recycle bin" of that same computer.

FURTHER AFFIANT SAITH NOT.

_____
Shelby Mertins

Subscribed and sworn to before me this 3 day of August, 2017.

GENERAL NOTARY - State of Nebraska
MICHELLE M. WACHTER
My Comm. Exp. April 19, 2021

_____
Notary Public