IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WADITH STOCKINGER NADER and STACEY NICHOLE NADER, | ) ) ) | Case No. 8:17-cv-00083 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| | ) | AFFIDAVIT OF BRYAN SVAJGL |
| THE CITY OF PAPILLION; SARPY COUNTY; BRYAN SVAJGL; BENJAMIN IVERSEN; SCOTT A. LYONS; L. KENNETH POLIKOV; and JENNIFER MIRALLES, | ) ) ) ) ) ) | |
| Defendants. | ) | |

STATE OF NEBRASKA    )
                                     ) SS.
COUNTY OF SARPY      )

I, Bryan Svajgl, being first duly sworn, depose and state as follows:

1. I am a resident of Gretna, Nebraska and am more than 21 years of age. The facts stated herein are based upon my own personal knowledge and the reports I prepared in the regular course of my duties as a Detective for the Papillion Police Department. I am supplying this Affidavit in support of Defendants Sarpy County, Kenneth Polikov, and Jennifer Miralles' Motion for Summary Judgment.

2. I am a certified law enforcement officer and a Detective with over 11 years of experience in law enforcement with the Papillion Police Department. Currently I am assigned to the Investigative Services Division of the Papillion Police Department. My duties as a Detective include investigating crimes involving manufacturing, distributing, and possessing visual depictions of sexually explicit conduct or erotic nudity, which has a child as one of its participants or portrayed observers, hereinafter generally referred to as child pornography, in violation of the laws of the State of Nebraska.

3. On December 12, 2014, the Nebraska State Patrol received a CyberTip (3184694) from the National Center for Missing and Exploited Children (NCMEC). The CyberTip was generated by Microsoft. Within the CyberTip, Microsoft reported that on December 3, 2014 their

customer with the email address wadith@hotmail.com uploaded two images to Microsoft Skydrive, which Microsoft reported as child pornography. The reported images were included within the CyberTip.

    4.    On December 20, 2014 the Nebraska State Patrol received an additional CyberTip (3320099) from the National Center for Missing and Exploited Children (NCMEC). The tip was deemed by NCMEC to be related to the previous tip (3184694). Within the CyberTip, Microsoft reported that on December 3, 2014, their customer with the email address wadith@hotmail.com uploaded five images to Microsoft Skydrive, which Microsoft suspected was child pornography. The reported images were included within the CyberTip.

    5.    On December 22, 2014, I was assigned to conduct follow-up on a possible possession of child pornography report stemming from the two CyberTips generated by Microsoft. With the assistance of Papillion Police Department Detective Brandon Stigge #469, I examined the image files uploaded on December 3, 2014 to Microsoft Skydrive from the email address wadith@hotmail.com, as reported by Microsoft in CyberTip 3184694. Following is a description of the image files:

    a.    Image file named "1773334201.jpg" depicts an apparent juvenile female (presumably between the ages of 12 and 14). The female depicted is sleeping with her vagina exposed. Child Victim Identification Program (CVIP) reported the file appears to contain a child victim who has been identified by law enforcement as the "Blue Pillow" Series. (CVIP report #84278)

    b.    Image file named "1850260232.jpg" depicts the same apparent juvenile female with her vagina and anus exposed. Child Victim Identification Program (CVIP) reported the file appears to contain a child victim who has been identified by law enforcement as the "Blue Pillow" Series. (CVIP report #84278)

    6.    On January 20, 2015, with the assistance of Detective Stigge, I examined the additional image files uploaded on December 3, 2014 to Microsoft Skydrive from the email address wadith@hotmail.com, as reported by Microsoft in CyberTip 3320099. Following is a description of the image files:

    a.    Image file named "1600471024.jpg" depicts a prepubescent white female wearing no pants or underwear. She is laying on the bed with her legs tied together and her vagina exposed. The female appears to be sleeping or unconscious. The female appears to be

approximately 8 to 10 years of age. Child Victim Identification Program (CVIP) reported the file appears to contain a child victim who has been identified by law enforcement as the "Colorful Bedroom" Series (CVIP report #84653).

    b.    Image filed named "409277812.jpg" depicts a fully nude white female approximately 12-14 years of age. She is sitting down with her legs off to her side and a portrait backdrop behind her.

    c.    Image file named "829555945.jpg" depicts a fully nude white female approximately 13-15 years of age. She is sitting on a rock by a body of water with her vagina exposed.

    d.    Image file named "1766201396.jpg" depicts a fully nude white female approximately 15-17 years of age. She is wearing no pants or underwear with her vagina exposed.

    e.  Image file named "864858517.jpg" depicts a fully nude white female approximately 14-16 years of age. She is wearing no pants or underwear with her vagina exposed.

    7.    Based on my training and experience, I determined that the seven images indicated as being uploaded from the email address wadith@hotmail.com by Microsoft CyberTips 3184694 and 3320099 likely constituted the visual depiction of sexually explicit conduct or erotic nudity, which has a child as one of its participants or portrayed observers, the possession of which is in violation of the laws of the State of Nebraska.

    8.    Microsoft provided an Internet Protocol (IP) address of 75.163.85.5 which was verified as belonging to CenturyLink. Microsoft reported the email wadith@hotmail.com uploaded the photographs. Nebraska State Patrol verified the email address belonged to Wadith S. Nader (sometimes referred to as "Mr. Nader") of 912 Hickory Hill Road.

    9.    On February 10, 2015, I served CenturyLink with a Sarpy County Attorney subpoena requesting records and information relating to the identification of their subscriber using the IP address 75.163.85.5 on December 3, 2014, at 1822 and 1830 hours UTC. This is the specific date and times when Microsoft reported the apparent child pornography had been uploaded from said IP address using the wadith@hotmail.com email address according to CyberTips 3184694 and 3320099.

    10.    On February 21, 2015, I queried the Nebraska Department of Motor Vehicles database for the name Wadith Nader, and located a person named Wadith S. Nader, DOB

The address 912 Hickory Hill Road, Papillion, Sarpy County, Nebraska was listed for Wadith S. Nader with the Nebraska Department of Motor Vehicles. With further research, I observed the email wadith@hotmail.com was linked with the Facebook profile of Paul Nader. I compared the photograph on the Facebook profile of Paul Nader to the photo on file with the Nebraska Department of Motor Vehicles, and determined the profile picture for Paul Nader depicts Wadith S. Nader, DOB               .

11. On February 24, 2015 I made email contact with Air Force OSI agent Peter Vandamme. He confirmed Mr. Nader was formerly with the Air Force but no longer was with the department. They had since lost contact with him. Mr. Nader's spouse, Stacey Nader (w/f DOB           ), was still active with the Air Force as a Lieutenant Colonel. I briefed Agent Vandamme on the facts of the case.

12. On March 3, 2015, I reviewed a responsive records form that CenturyLink provided. The requested records, which show that Internet Protocol (IP) address 75.163.85.5 was issued to subscriber Wadith Nader at 912 Hickory Hill Road, Papillion, Sarpy County, Nebraska, with the username "naderwadith" and telephone number (402) 505-3684. Additionally, CenturyLink provided Internet Protocol (IP) address dates for their customer Wadith Nader, 912 Hickory Hill Road, Papillion, Sarpy County, Nebraska. Based on several dates of surveillance of 912 Hickory Hill Road, I had also witnessed Mr. Nader leave said residence. Mr. Nader had also declared his residence as 912 Hickory Hill Road, Papillion, Sarpy County, Nebraska with the Nebraska Department of Motor Vehicles.

13. My Search Warrant Application, as defined below, incorrectly identifies the date when I received responsive records from CenturyLink, as being March 31, 2014. The correct date is March 3, 2015.

14. In addition to its responsive records, CenturyLink provided Internet Protocol (IP) address logs for their customer Wadith Nader of 912 Hickory Hill Road, Papillion, Sarpy County, Nebraska, which showed Mr. Nader was issued the IP address 75.163.85.5 on November 10, 2014 and continued to hold the IP address throughout the duration of my investigation. This showed Mr. Nader was the CenturyLink customer on the specific dates and times aforementioned—when Microsoft SkyDrive was accessed and the seven photographs were uploaded as reported by Microsoft in CyberTips 3184694 and 3320099.

15. On March 13, 2015, a preservation letter was drafted and faxed to Microsoft Corporation's Online Custodian of Records. Microsoft confirmed the preservation request on March 17, 2015.

16. On March 16, 2015, I completed an affidavit and application for issuance of a search warrant for 912 Hickory Hill Road, Papillion, Sarpy County, Nebraska (the "Search Warrant Application"). A copy of the Search Warrant Application is attached hereto as Exhibit "A" and incorporated herein by this reference.

17. Based on the above information stemming from my knowledge, training, and experience, I submitted the Search Warrant Application to the Honorable Judge Hutton of the Sarpy County Court with the belief, and probable cause to believe, that the premises of Mr. Nader were being used for the purpose of concealing or keeping evidence related to the Possession and Distribution of Child Pornography, and Attempted Sexual Assault of a Child, in violation of the laws of the State of Nebraska.

18. In response to the just and reasonable grounds for my belief that there was material related to such violations of the laws of Nebraska concealed and kept at the premises at 912 Hickory Hill Road, Papillion, Sarpy County, Nebraska, the Search Warrant Application requested the search warrant to cover the following:

a. Computer hardware to include (but not limited to) any and all computer equipment and/or electronic devices used to collect, analyze, create, display, convert, store, conceal, or transmit, any magnetic, optical, electronic, or similar computer impulses, files, data, and binary data; and any and all data storage devices such as fixed disks, internal and external hard disks, floppy disk drives and diskettes, tape drives and tapes, DVDs, CDs, flash drives, thumb drives, memory cards, digital cameras, mobile devices, Personal Data Assistants (PDAs), cellular phones, digital music players, and gaming consoles, or other magnetic, optical, and electronic data storage devices; and any and all data-processing devices such as central processing units, and personal computers to include "laptop" or "notebook" or "pocket" computers; and any and all input and output devices to include keyboards, printers, network communication devices, modems and external or connected devices used for accessing computer data; and any and all connecting hardware such as power cords, cables, and adapters needed for the operation of the described computer hardware.

  b. Data files to include (but not limited to) files bearing graphic interchange format extensions, .jpg, .gif, .tif, .avi, and .mpg, in the form of images and/or videos, which depict children in a sexually explicit manner, which would include visual representation of a person, or portion of the nude human body, or child erotica, and any accompanying text associated with those graphic files, and/or log files recording the transmission or storage of those graphic files, as they relate to violations of the laws of the State of Nebraska cited herein as related to the Possession and Distribution of Child Pornography, and Attempted Sexual Assault of a Child.

  c. Data files depicting sexual conduct, whether between adults or between adults and children.

  d. Correspondence, data files, documents, or records (whether digital or written) pertaining to the possession, receipt, origin, or distribution of images involving the Possession and Distribution of Child Pornography, and Attempted Sexual Assault of a Child.

  e. Correspondence, data files, documents, or records (whether digital or written) exhibiting an interest or the intent to sexually exploit children, or to identify a particular user of the materials, or contraband, and any data or text, which tends to prove the identity of the computer user at a time that may be relevant to prove the Possession and Distribution of Child Pornography, and Attempted Sexual Assault of a Child.

  f. Computer software and application software, and the associated installation and operation media.

  g. Manuals and other documents (whether digital or written), which describe the operation of computer hardware, software, or property seized.

  h. Items that would tend to establish ownership or use of computers, and ownership or use of any Internet service accounts accessed to facilitate the sexual exploitation of children, to include credit card bills, telephone bills, correspondence, and other identification documents.

  i. Computer hardware, software, and data, related to the sharing of Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same Internet Protocol address.

  j. Items containing or displaying passwords, access codes, usernames, or other identifiers necessary to examine or operate computer hardware, software, or data seized.

   k. Items that would tend to show dominion and control of the property or premises searched, to include utility bills, telephone bills, correspondence, rental agreements, and other identification documents.

   l. Digital cameras, film cameras, video cameras, associated data storage devices and media, and all connecting hardware such as power cords, cables, and adapters needed for the operation of the described items. Data storage devices and media shall include (but not limited to) DVDs, CDs, memory cards and other solid-state media, tapes, and film.

   19. Based on my investigation, I believed that the above-stated property was being concealed, kept, or used in violation of the laws of the State of Nebraska, or was being concealed or kept at the premises and constituted evidence of, or evidence relevant to proving a violation of the laws of the State of Nebraska, to wit: Possession of Child Pornography, § 28-813.01; Distribution of Child Pornography, § 28-1463.03.

   20. Within the Search Warrant Application, I advised the court that the examination of a computer system is a lengthy process requiring special steps to ensure the integrity of the electronic evidence, and therefore, it may not have been possible to complete a return to the Court within the ten days normally required by the Court.

   21. Based on the aforementioned information acquired through my knowledge, training, and experience, I requested the Sarpy County Court issue a search warrant for the premises of Mr. Nader, located at 912 Hickory Hill Road, Papillion, Sarpy County, Nebraska.

   22. I further requested that the affidavit, search warrant, and subsequent return be sealed until further order of the Court for the reason that the investigation was ongoing and the knowledge of its existence and the information received could jeopardize the investigation.

   23. On March 16, 2015, I presented the Search Warrant Application to the Honorable Judge Hutton of the Sarpy County Court, and Judge Hutton subsequently issued a search warrant (the "Search Warrant"). A copy of the Search Warrant is attached hereto as Exhibit "B" an incorporated herein by this reference.

   24. On March 17, 2015, at 1105 hours, I, along with Detective Ben Iversen of the LaVista Police Department, Detective Shawn Dooling of the LaVista Police Department, Detective Brandon Stigge #469, Detective Preston Maas #457, Officer Goley #446, Officer Kustka #414, and Officer Higgins #405, conducted a search at 912 Hickory Hill Road, Papillion, Sarpy County, Nebraska by way of the Search Warrant. Mr. Nader answered the door after initial

announcement. I advised him of the nature of my visit and provided him a copy of the search warrant. He confirmed he was the sole occupant of the residence at the time of our arrival.

25.     Mr. Nader was searched for weapons by Officer Goley. Officer Goley then completed a cursory search of the front living room observing no weapons. Mr. Nader informed us there were several handguns in the closet by the front door. He also advised there were more firearms upstairs in the master bedroom and downstairs in a closet.

26.     I then requested Mr. Nader have a seat on the couch in the front living room. He provided me permission to use the desk chair near the couch. Mr. Nader informed me that his two children                age 8, and                age 5, were at school and that his wife was out of town in Georgia. He explained he worked for the military doing counterterrorist work until he was discharged four years ago. Since that time, he has not worked. He instead completed a doctorate program through Putnam University in California. Wadith explained that he was just speaking to his attorney as he is trying to complete documentation to get his job back. He advised that he is from Columbia and Orthodox. He said he is married to Stacey (Nikki) Nader and that they met in the Air Force years ago.

27.     I then explained that our Search Warrant was for electronic devices that may contain data relating to the possession, distribution, or dissemination of child pornography. Mr. Nader was then advised of his Miranda Rights which he stated he understood. I then removed my tactical vest so I could interview Mr. Nader while the other Officers completed the search. The interview lasted for approximately 105 minutes, and was recorded and entered as evidence.

28.     Initially I asked Mr. Nader in an effort to speed our search up, where we should be looking. He advised the computer in the kitchen. I asked him where the items were stored. He then asked what items. I specifically said the child pornography. Mr. Nader stated there was none that he was aware of. He followed it up by saying there is a lot of pornography, but he is not interested in children. He said, "Children are dirty, I don't find that sexy." I then asked Mr. Nader what he does when he looks at pornography. He stated that he masturbates. I asked Mr. Nader what types of pornography he likes. He informed me he likes viewing thin and fit females, older women, women with hair, threesomes, and dirty underwear. Mr. Nader elaborated that he does not like females with no hair, he likes women more his age. I asked where he got his pornography from. He said he downloads it from websites, and that he does not go to specific forums or search for children.

29. Mr. Nader explained that about three months prior he was locked out of his Microsoft Hotmail account wadith@hotmail.com. He stated he was unsure why he was locked out and was concerned because his email had been hacked before, causing spam to be sent to his friends from his email. He attempted to contact Microsoft to find out why he was locked out. Microsoft told him it was something to do with something called Skydrive. Mr. Nader then explained that when he tried to take a picture and slide it over, it went into Skydrive which tipped Microsoft. He thought Microsoft then probably called the police. I asked if he knew what picture it was. He said he had no idea. He explained that Microsoft would not tell him anything. He again stated that he had no idea what picture it was. I informed him it was several pictures. He then asked, "So, you know this?" He remarked it was SkyDrive. He again stated he did not know what pictures it would be.

30. Mr. Nader said he does not search for child pornography on the Internet. He said he does not trade with others or chat with people on the Internet, adding that chatting might lead to other things that he is not interested in doing because he is married. He continued to explain that he does not email anyone about trading and requested we check his emails. He said he does not talk to people online. I asked if he used torrent to download the images from other users and he said, "No." He again said he likes women of age and that he will usually view pornography during the day for a couple of hours at a time. Mr. Nader stated that he looks at pornography on the main computer which was located in the kitchen. He had a couple external hard drives which he also stored downloaded pornography including videos and photos.

31. Mr. Nader explained that he views and downloads pornography from imgfap.com which is an electronic bulletin board website where users can post photos. He explained that he learned of the website after viewing pictures on picturehunter.com that came from imgfap.com. Mr. Nader explained he has downloaded thousands of pornographic photos from the website believing all images and videos were of legal-aged females. He stated it was possible some were not of legal age but that he was unaware of it.

32. At one point I told Mr. Nader I did not believe him and that I did not believe he pulled the images from imgfap.com but got them from somewhere else. He again denied having traded child pornography and stated he never intended to download child pornographic photos. Mr. Nader again stated that he did not know which images were uploaded to Microsoft SkyDrive. He said he may have been attempting to move some 700 downloaded pornographic

files with unknown child pornography which he inadvertently uploaded some to Microsoft SkyDrive.

33.  I asked Mr. Nader if he views the photos on his phone, tablets or anything else. He replied that he does not view pornography on his phone or any tablets. He did advise that he stores it on an external hard drive which was either in the basement or his bedroom.

34.  Search of the residence produced the following items which were collected as evidence:

   a.  1-DVD of images from CyberTip #3184694
   b.  1-DVD of images from CyberTip #3320099
   c.  1-White Travelor 1GB thumb drive
   d.  1-Matsunichi HD (Hard Drive) Model #DM256
   e.  1-Black Western Digital HD S/n #WXNX088D811
   f.  1-Silver HDD external hard drive Model # WLX-393UB
   g.  1-Black Kyocera cellphone
   h.  1-Gray HP laptop serial # SCH135135M
   i.  1-Samsung Galaxy 4.0 cellphone
   j.  1-Black external hard drive 3TB S/n #E3JAJJHA300258
   k.  1-Purple 32 GB thumb drive DT10162
   l.  1-Western Digital external hard drive S/n #WX21E42APP51
   m.  31-Box containing 31 internal hard drives
   n.  1-Black HP Pavillion S/n #CNF64319QL
   o.  1-Samsung Galaxy 4 in white case
   p.  1-Micro SD Card 1 GB
   q.  1-HP Envy laptop
   r.  1-Asus tablet with case

35.  During the search, I was assisted by Detective Ben Iversen of the LaVista Police Department in order to conduct preliminary scans of the hardware, computer software, and hard drives, etc. as detailed in the search warrant. Detective Iversen began his examination at or around 1130 hours using a forensic examination device. Detective Iversen examined the HP Envy laptop found in the kitchen. He located several large files of pornography downloaded on the computer hard drive. The files were all categorized by style of pornography. Scanning the HP

Envy laptop, Detective Iversen discovered one image was flagged as possible known child pornography. The HP Envy laptop computer and hard drive was retained for further examination in a safe forensic environment.

36. While searching the residence, we also observed that there were several watches disassembled throughout the home, including watch parts and tools. Firearms were also located throughout the residence in almost every room. Some were loaded and others were not. In the master bedroom, basement, and garage there was a significant amount of alcohol both empty and full or partially full. There was also several computer boards, old cell phones, cameras, old video games, and hard drive disks. In the garage, we located nitric and sulfuric acid. Near the chemicals was a large trashcan with a PVC pipe coming out of the top and leading to several other buckets and tubes. Unsure what the items were, we contacted FBI Bomb Tech John Hallock and Omaha Police Department Bomb Tech Matt Manhart.

37. I then spoke to Mr. Nader about the other items we observed in the house. He explained that since he lost his job he had been depressed and does drink alcohol. He explained that he also fixes watches and tinkers with them, and then sells them on Etsy, an online store. He also occasionally will sell jewelry on the website. He continued to explain the chemicals and set up in the garage are for breaking down items such as computer boards to extract the gold, which he will then sell. He advised the process is called "aqua regia". He then explained that he learned how to do the process from the Internet. He also purchased the chemicals over the Internet. The FBI and Omaha Police Bomb Techs responded to confirm the chemicals were safe in their current state and it did not appear he was attempting to make explosives.

38. I made contact with the Sarpy County Attorney's Office and briefed the on-call Deputy Sarpy County Attorney, Jennifer Miralles, on the circumstances revolving around the case. While I cannot exactly recall my conversation with Ms. Miralles, to the best of my recollection I generally explained to Ms. Miralles that I was executing the Search Warrant, where I was in the process of my investigation of Wadith Nader, and I explained the evidence discussed above that I had gathered during my investigation.

39. After explaining all of this information to Ms. Miralles, to the best of my recollection, I stated that I believed that I had probable cause to believe a crime had been committed by Mr. Nader based on the evidence gathered in my investigation and the execution of the Search Warrant, and Ms. Miralles agreed.

40. I have reviewed my incident report previously filed with the Papillion Police Department and it incorrectly states that during my conversation with Ms. Miralles that she agreed to take custody of Mr. Nader. I made the decision to take custody of Mr. Nader based on my belief that I had probable cause to believe a crime had been committed by Mr. Nader.

41. On March 17, 2015, at approximately 1105 hours in Sarpy County, I arrested Mr. Nader based on the three child pornography images previously confirmed by CVIP and he was handcuffed and transported to the Sarpy County Jail by Officer Kustka.

42. I was able to contact Mr. Nader's mother in-law Judy Sweigard, who agreed to pick up the kids from school and care for them until Stacey Nader's return.

43. Mr. Nader was issued State of Nebraska Uniform Citation and Complaint #A2348812 for possession of child pornography, in violation of Neb. Rev. Stat. § 28-813.01, for "knowingly possess[ing] any visual depiction of sexually explicit conduct...which has a child...as one of its participants or portrayed observers." Wadith's court date was set for April 29, 2015.

44. The computers, hard drive devices, and other electronic devices seized at Mr. Nader's residence were logged into evidence. All evidence was seized by Officers of the Papillion Police Department and LaVista Police Department. Copy of the search warrant and property forms of items collected were left on the kitchen table at the residence.

45. Upon returning to the Papillion Police Department, with the assistance of Detective Stigge, I viewed the images from the CyberTips 3184694 and 3320099 again for reporting purposes. After reviewing the images an additional time, I was able to determine with a high level of confidence that all reported images, except image "1766201396" (which is age difficult), are clearly depicting juvenile females under the age of 18 years old.

46. Based on my review, and high level of confidence such images depicted juvenile females, I requested the charges against Mr. Nader to be amended to reflect 6 counts of possession of child pornography in violation of Neb. Rev. Stat. § 28-813.01.

47. Later that day of March 17, 2015 I submitted an Affidavit of Probable Cause for Warrantless Arrest ("Warrantless Arrest Affidavit"), containing the same aforementioned belief and information leading to my professional belief, based on my knowledge, training, and experience, that there was sufficient probable cause to make an arrest of Wadith Nader. A copy

of the Warrantless Arrest Affidavit is attached hereto as Exhibit "C" and incorporated herein by this reference.

FURTHER AFFIANT SAYETH NOT.

_____
Bryan S. Svajgl

Subscribed and sworn to before me this 15th day of August, 2017.



_____
Notary Public

My Commission Expires:

April 26, 2020