IN THE COUNTY COURT OF SARPY COUNTY, NEBRASKA

CR 15-175

| | | |
|---|---|---|
| STATE OF NEBRASKA | ) | AFFIDAVIT AND APPLICATION |
| | ) SS. | FOR ISSUANCE OF A |
| COUNTY OF SARPY | ) | SEARCH WARRANT |

FILED SARPY COUNTY DISTRICT COURT 2015 MAR 24 PM 3:07
CLERK DISTRICT COURT

1. COMES NOW, Detective Bryan Svajgl, of the Papillion Police Department, on this 16th day of March 2015, who being first duly sworn, upon oath says:

2. Your Affiant is a certified law enforcement officer and a Detective with over 8 years of experience in law enforcement with the Papillion Police. He is currently assigned to the Investigative Services Division of the Papillion Police Department, where said Affiant conducts investigations of criminal matters, including felony and misdemeanor violations of law. Affiant further states that he is currently investigating the crimes of the manufacture, distribution, and possession of the visual depiction of sexually explicit conduct or erotic nudity, which has a child as one of its participants or portrayed observers, hereinafter generally referred to as child pornography, in violation of the laws of the State of Nebraska, in Sarpy County, Nebraska.

3. I make this affidavit in support of an application for a warrant to search the residence located at 912 Hickory Hill Road, Papillion, Sarpy County, Nebraska which is more fully described in **Attachment A** of this affidavit.

4. That said property is under the control or custody of Wadith S. NADER (dob       ), and Stacey N. NADER (dob       ) according to the Sarpy County Assessor's website.

5. The statements contained in this affidavit are based upon my investigation, information provided by other law enforcement officers, other personnel specially trained in the seizure and analysis of computers and electronic media, and on my experience and training as a Police Officer in the Papillion Police Department. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.



6. The following facts support your Affiant's probable cause for issuance of a search warrant, pursuant to Neb.Rev.Stat. § 86-2,106, and other applicable sections of Nebraska law, to-wit:

FACTS

7. On December 12, 2014, the Nebraska State Patrol received a CyberTip (3184694) from the National Center for Missing and Exploited Children (NCMEC). The CyberTip was generated by Microsoft. Within the CyberTip, Microsoft reported that on December 3, 2014, their customer with email address wadith@hotmail.com uploaded two images to Microsoft Skydrive, which Microsoft reported as child pornography. The reported images were included within the CyberTip.

On December 20, 2014, the Nebraska State Patrol received addition CyberTip (3320099) from the National Center for Missing and Exploited Children (NCMEC). This tip was deemed by NCMEC to be related to previous tip (3184694). CyberTip (3320099) was generated by information from Microsoft. Within the CyberTip, Microsoft reported that on December 3, 2014, their customer with email address wadith@hotmail.com uploaded five images to Microsoft Skydrive, which Microsoft suspected was child pornography. The reported images were included with the CyberTip.

On December 22nd, 2014, I, Det. Svajgl examined the image file uploaded on December 3rd, 2014 to the Microsoft Skydrive with email address wadith@hotmail.com, as reported by Microsoft in CyberTip 3184694. Following is a description of the image files:

a. Image file named "1773334201.jpg," which depicts an apparent juvenile female (presumably between the ages of 12 and 14). That female depicted is sleeping with her vagina exposed. Child Victim Identification Program (CVIP) reported the file appears to contain a child victim who has been identified by law enforcement as the "Blue Pillow" Series. (CVIP report #84278)

b.    Image file named "1850260232.jpg" which depicts the same apparent juvenile female with her vagina and anus exposed. Child Victim Identification Program (CVIP) reported the file appears to contain a child victim who has been identified by law enforcement as the "Blue Pillow" Series. (CVIP report #84278)

On January 20, 2015, I, Det. Svajgl examined the additional image files uploaded on December 3rd, 2014 to the Microsoft Skydrive with email address wadith@hotmail.com, as reported by Microsoft in CyberTip 3320099. Following is a description of the image files:

a.    Image file named "1600471024.jpg," which depicts a prepubescent white female wearing no pants or underwear on. She is laying on the bed with her legs tied together and her vagina exposed. The female appears to be sleeping or unconscious. The female appears to be approximately 8 to 10 years of age. Child Victim Identification Program (CVIP) reported the file appears to contain a child victim who has been identified by law enforcement as the "Colourful Bedroom" Series. (CVIP report #84653)

b.    Image file named "409277812.jpg" which depicts a fully nude white female approximately 12-14 years of age. She is sitting down with her legs off to her side and a portrait backdrop behind her.

c.    Image file named "829555945.jpg" which depicts a fully nude white female approximately 13-15 years of age. She is sitting on a rock by a body of water with her vagina exposed.

d.    file named "1766201396.jpg" which depicts a fully nude white female approximately 15-17 years of age. She is wearing no pants or underwear with her vagina exposed.

f.    file named "864858517.jpg" which depicts a fully nude white female approximately 14-16 years of age. She is wearing no pants or underwear with her vagina exposed.

**Exhibit A to Affd. of B. Svajgl**                                                    003

Based on my training and experience, I believe that the images described above are visual depiction of sexually explicit conduct or erotic nudity, which has a child as one of its participants or portrayed observers, the possession of which is in violation of the Laws of the State of Nebraska.

Microsoft provided an IP address of 75.163.85.5 which was verified as belonging to CenturyLink. Microsoft reported the email wadith@hotmail.com uploaded the photograph. Nebraska State Patrol verified the email address belongs to Wadith S. Nader of 912 Hickory Hill Road.

8. On February 21, 2015, Detective Svajgl queried Nebraska Department of Motor Vehicles database for the name Wadith NADER, and located a person named Wadith S. NADER, DOB              The address 912 Hickory Hill Road, Papillion, NE, Sarpy, Nebraska, is listed for Wadith S. NADER with the Nebraska Department of Motor Vehicles. Additionally, Detective Svajgl observed the email wadith@hotmail.com linked with the Facebook profile of Paul NADER. Det. Svajgl compared the photograph on the Facebook profile of Paul NADER to the photo on file with the Nebraska Department of Motor Vehicles. Det. Svajgl determined the profile picture for Paul NADER depicts Wadith S. NADER, DOB

9. On February 10, 2015, Det. Bryan Svajgl served Century Link with a Sarpy County Attorney subpoena requesting records and information relating to the identification of their subscriber using Internet Protocol (IP) address 75.163.85.5 on December 3, 2014, at 1822 and 1830 hours UTC. This specific date and times are when Microsoft reported the apparent child pornography had been uploaded from said IP address using wadith@hotmail.com email address in CyberTips 3184694 and 3320099.

10. On March 31, 2014, I reviewed a responsive records form that Century Link provided. The requested records, which show that Internet Protocol (IP) address 75.163.85.5 was issued to subscriber Wadith NADER 912 Hickory Hill Road, Papillion, Sarpy County Nebraska, with the user name naderwadith and telephone numbers (402) 505-3684. Based on several dates of

surveillance of 912 Hickory Hill Road, Your Affiant has witnessed Wadith NADER leave said residence. Wadith NADER also declared his residence as 912 Hickory Hill Road, Papillion, NE Sarpy County, NE with the Nebraska Department of Motor Vehicles.

11.    Additionally, Century Link provided Internet Protocol (IP) address logs for their customer Wadith NADER, 912 Hickory Hill Road, Papillion, Sarpy County, Nebraska, which showed that Wadith NADER was issued Internet Protocol (IP) address 75.163.85.5 on November 10, 2014, to the current date. For the specific dates and times aforementioned Microsoft was accessed and a photograph had been uploaded as reported by Microsoft in CyberTips 3184694 and 3320099.

12.    Your Affiant knows from training and experience that persons trading in, receiving, distributing, or possessing images involving the sexual exploitation of children or those interested in the actual sexual exploitation of children, such as in this case, often communicate with others through correspondence or other documents (whether digital or written), which could tend to identify the origin of the images as well as provide evidence of a person's intent and interest in child pornography or child exploitation.

13.    Your Affiant knows from training and experience that sometimes a person will keep data storage devices on their person. Many of these data storage devices are small enough to conceal easily in clothing, and can store hundreds or even thousands of files. Additionally, your Affiant knows from training and experience that oftentimes a person will transport computers and data storage devices in their vehicle.

14.    Your Affiant knows from training and experience that searches and seizures of computer related evidence may require the seizure of most or all computer related items (computer hardware, software, passwords and instructions) to be processed later by a qualified person in a laboratory, or other controlled environment. Computer hardware, which can be accessed by computers to store or retrieve data or images of child pornography, can store the equivalent of thousands of pages of information. Users may store information or images in random order with deceptive file names, which requires analyzing authorities to examine all the stored data to

determine whether it is included in the warrant. Due to time constraints, this sorting process renders it impractical to attempt this kind of data analysis on site. Analyzing computers for criminal evidence requires experience in the computer field and a properly controlled environment in order to protect the integrity of the evidence, and recover even "hidden," erased, compressed, password-protected, or encrypted files. Since computer related evidence is extremely vulnerable to tampering or destruction (either from external sources or from destructive code imbedded in the system as a "booby trap"), the controlled environment of a laboratory may be required for its complete and accurate analysis. Affiant or other assisting Investigators may however conduct an examination of the computer hardware on-site using hardware and software that will not alter or change any potential evidence located on the computer hardware.

15. Your Affiant knows from training and experience that in order to fully retrieve files and data from computer hardware or a data storage device, the analyst may need the computer hardware as well as the data storage device. In cases like this one where the evidence consists partly of graphics files, input and output devices used for accessing computer data, and the associated computer data, may be required by an analyst to show the nature and quality of the graphic images, which the computer could produce. In addition, the analyst may need all the system software (operating systems or interfaces, and hardware drivers), and any application software, which may have been used to create the data (whether stored on internal or peripheral data storage devices), as well as documentation of the data, items containing or displaying passwords, access codes, usernames, or other identifiers necessary to examine or operate computer hardware, software, or files and data seized, or to activate specific computer hardware or software.

16. Your Affiant knows from training and experience that persons trading in, receiving, distributing, or possessing images involving the sexual exploitation of children or those interested in the sexual exploitation of children may communicate with others through correspondence or other documents (whether digital or written), which could tend to identify the origin of the images as well as provide evidence of a persons intent and interest in child

pornography or child exploitation. Additionally, files related to the exploitation of children found on computer hardware are usually obtained from the Internet using application software, which often leaves files, logs, or file remnants, which would tend to show the exchange, transfer, distribution, possession, or origin of the files. Your Affiant is also aware from training and experience that computer hardware and software exists that allows persons to share Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same Internet Protocol address, and allowing mobility and concealment of the computer used to access the Internet. Examination of these items can reveal information about the authorized or unauthorized use of Internet connections.

17. Based upon your Affiant's knowledge, training, and experience investigating cases involving child exploitation and child pornography, your Affiant has learned and believes that contraband related to child exploitation and child pornography is typically collected, stored, and distributed by individuals with a sexual attraction to children that trade in this type of illegal activity. This type of contraband is not "used up" as other types of contraband can be such as alcohol or drugs. This type of contraband is usually stored in a manner that is secure but easily accessible to the persons collecting the contraband that is within their immediate control, to enable the collector to view their collection, which to them is highly valued, such as on computer hardware and data storage devices. For these reasons, contraband of this type can and is usually stored for an indefinite amount of time by the possessor, and may be found at the premises even though significant amount of time may have passed. In the experience and training of the Affiant, contraband stored in this manner has been found that was stored for years and transferred from and between computer hardware and data storage devices and from computer to computer where new computers are obtained by those who collect and trade in child pornography.

18. Collections can include books, magazines, diaries, letters, photographs, articles, newspapers, slides, movies, films, albums, digital images, drawings, audio tapes, video tapes, negatives, correspondence, mailing lists, child erotica, etc., and the equipment utilized to view or read any of these items.

19. Collections vary in size and in the items based on many factors. Factors, which can determine the size and extent of a collection, include living arrangements, economic status, and age.

20. The use of the computer has changed the collection of child exploitation material and individual behavior. Computers allow an individual to collect items and more easily hide their collection from others. The computer has in essence, allowed the individual who views or collects child pornography to maintain a certain anonymity via the Internet through the use of aliases known as "screen names" or "user names," as well as allowing for the storage of the collection and easy retrieval for viewing. The computer has also made it easy for individuals with similar behaviors to contact, exchange information and validate their behavior amongst each other. Computer hardware, software, and related documentation are integral tools of this type of criminal activity and constitute the means of committing it. Given the information provided, individuals have the ability to view and store these types of items in their residence or a secure and easily accessible place, especially using computer hardware and or data storage devices.

21. The above information leads your Affiant to believe, and to have probable cause to believe that the premises are being used for the purpose of concealing or keeping evidence related to Possession and Distribution of Child Pornography, and Attempted Sexual Assault of a Child, in violation of the laws of the State of Nebraska.

22. Affiant has just and reasonable grounds to believe, and does believe that there is concealed or kept at the aforementioned premises at LOT 62 HICKORY HILL II, commonly known as 912 Hickory Hill Road, Papillion, Sarpy County, Nebraska, including the dwelling, outbuildings, and any persons or vehicles on the premises, the following property, to-wit:

a. Computer hardware to include (but not limited to) any and all computer equipment and/or electronic device used to collect, analyze, create, display, convert, store, conceal, or transmit, any magnetic, optical, electronic, or similar computer impulses, files, data, and binary data; and any and all data storage devices such as fixed disks, internal and external hard disks, floppy disk

drives and diskettes, tape drives and tapes, DVDs, CDs, flash drives, thumb drives, memory cards, digital cameras, mobile devices, Personal Data Assistants (PDAs), cellular phones, digital music players, and gaming consoles, or other magnetic, optical, and electronic data storage devices; and any and all data-processing devices such as central processing units, and personal computers to include "laptop" or "notebook" or "pocket" computers; and any and all input and output devices to include keyboards, printers, , network communication devices, modems and external or connected devices used for accessing computer data; and any and all connecting hardware such as power cords, cables, and adapters needed for the operation of the described computer hardware.

b.  Data files to include (but not limited to) files bearing graphic interchange format extensions, .jpg, .gif, .tif, .avi, and .mpg, in the form of images and/or videos, which depict children in a sexually explicit manner, which would include visual representation of a person, or portion of the nude human body, or child erotica, and any accompanying text associated with those graphic files, and/or log files recording the transmission or storage of those graphic files, as they relate to violations of the laws of the State of Nebraska cited herein as related to the Possession and Distribution of Child Pornography, and Attempted Sexual Assault of a Child.

c.  Data files depicting sexual conduct, whether between adults or between adults and children.

d.  Correspondence, data files, documents, or records (whether digital or written) pertaining to the possession, receipt, origin, or distribution of images involving the Possession and Distribution of Child Pornography, and Attempted Sexual Assault of a Child.

e.  Correspondence, data files, documents, or records (whether digital or written) exhibiting an interest or the intent to sexually exploit children, or to identify a particular user of the materials, or contraband, and any data or text, which tends to prove the identity of the computer user at a time that may be relevant to prove the Possession and Distribution of Child Pornography, and Attempted Sexual Assault of a Child.

f.  Computer software and application software, and the associated installation and operation media.

g.  Manuals and other documents (whether digital or written), which describe the operation of computer hardware, software, or property seized.

h.  Items that would tend to establish ownership or use of computers, and ownership or use of any Internet service accounts accessed to facilitate the sexual exploitation of children, to include credit card bills, telephone bills, correspondence, and other identification documents.

i.  Computer hardware, software, and data, related to the sharing of Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same Internet Protocol address.

j.  Items containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate computer hardware, software, or data seized.

k.  Items that would tend to show dominion and control of the property or premises searched, to include utility bills, telephone bills, correspondence, rental agreements, and other identification documents.

l.  Digital cameras, film cameras, video cameras, associated data storage devices and media, and all connecting hardware such as power cords, cables, and adapters needed for the operation of the described items. Data storage devices and media shall include (but not limited to) DVDs, CDs, memory cards and other solid-state media, tapes, and film.

23.  Your Affiant believes that the above property is being concealed, kept, or used in violation of the laws of the State of Nebraska, or is being concealed or kept at the premises and constitutes evidence of, or evidence relevant to proving a violation of the laws of the State of

**Exhibit A to Affd. of B. Svajgl**   010

Nebraska, to wit: Possession of Child Pornography, §28-813.01; Distribution of Child Pornography, §28-1463.03.

24. Furthermore, your Affiant advises that the examination of a computer system is a lengthy process requiring special steps to ensure the integrity of the electronic evidence. Therefore, your Affiant would like to advise the Court that it might not be possible to complete a return to the Court within the ten days normally required by the Court.

25. Based on the information set forth herein your Affiant requests that a search warrant be issued.

26. Affiant further requests that this Affidavit, Search Warrant, and subsequent Return be sealed until further order of this Court for the reason that this is pursuant to an ongoing investigation, and that knowledge of its existence and the information received could jeopardize the investigation.

27. Your Affiant further states that this search warrant should be served during daylight hours.

28. WHEREFORE, your Affiant prays that a search warrant may be issued according to law.

_Det. Bryan Svajgl_
Bryan S. Svajgl, Detective
Papillion Police Department

SUBSCRIBED AND SWORN TO before me this _16_ day of _MAR._, 2015.

_____
SARPY COUNTY COURT JUDGE

## ATTACHMENT A
## DESCRIPTION OF LOCATION TO BE SEARCHED

The location known as 912 Hickory Hill Road, Papillion, Nebraska Sarpy County is identified as follows:

912 Hickory Hill Road, Papillion, Sarpy County NE, is described as a two-story single-family residence with an attached two-car garage. The exterior has light crème colored siding and light gray dark trim. The numbers "912" are displayed above the garage door. The legal description of the residence as reported by the Sarpy County Assessors Website is LOT 62 HICKORY HILL II.

