FILED
SARPY COUNTY
DISTRICT COURT

2015 MAR 24 PM 3:07

IN THE COUNTY COURT OF SARPY COUNTY, NEBRASKA


CLERK DISTRICT COURT

CR15-175

| STATE OF NEBRASKA | ) | |
|---|---|---|
| | ) SS. | **SEARCH WARRANT** |
| COUNTY OF SARPY | ) | |

TO:   Detective Bryan Svajgl, a law enforcement officer of the Papillion Police Department, and to all other law enforcement officers:

1.   This matter came on for consideration on the 16th day of March, 2015, upon the sworn affidavit and application for issuance of a search warrant of Detective Bryan Svajgl, of the Papillion Police Department, and the Court, being fully advised in the premises finds as follows:

2.   That the Court has jurisdiction of this matter pursuant to Neb.Rev.Stat. §29-812 through Neb.Rev.Stat. §29-829.

3.   That the subject of the request for issuance of a search warrant is an investigation, which includes possession and distribution of the visual depiction of sexually explicit conduct or erotic nudity, which has a child as one of its participants or portrayed observers, in violation of Neb.Rev.Stat. §28-813.01, hereinafter generally referred to as child pornography which is in violation of the laws of the State of Nebraska, in Sarpy County.

4.   That based upon the sworn affidavit and application for issuance of a search warrant of Detective Bryan Svajgl, of the Papillion Police Department dated the 16th day of March, 2015; there is probable cause to believe that kept or concealed at or within the following described place, or person, to-wit: 912 Hickory Hill Road, Papillion, Sarpy County, Nebraska, including the dwelling, outbuildings, and any persons or vehicles on the premises, the following property, to-wit:



**Exhibit B to B. Svajgl Affd.**                                    001

a.  Computer hardware to include (but not limited to) any and all computer equipment and/or electronic device used to collect, analyze, create, display, convert, store, conceal, or transmit, any magnetic, optical, electronic, or similar computer impulses, files, data, and binary data; and any and all data storage devices such as fixed disks, internal and external hard disks, floppy disk drives and diskettes, tape drives and tapes, DVDs, CDs, flash drives, thumb drives, memory cards, digital cameras, mobile devices, Personal Data Assistants (PDAs), digital music players, and gaming consoles, or other magnetic, optical, and electronic data storage devices; and any and all data-processing devices such as central processing units, and personal computers to include "laptop" or "notebook" or "pocket" computers; and any and all input and output devices to include keyboards, printers, , network communication devices, modems and external or connected devices used for accessing computer data; and any and all connecting hardware such as power cords, cables, and adapters needed for the operation of the described computer hardware.

b.  Data files to include (but not limited to) files bearing graphic interchange format extensions, .jpg, .gif, .tif, .avi, and .mpg, in the form of images and/or videos, which depict children in a sexually explicit manner, which would include visual representation of a person, or portion of the nude human body, or child erotica, and any accompanying text associated with those graphic files, and/or log files recording the transmission or storage of those graphic files, as they relate to violations of the laws of the State of Nebraska cited herein as related to the Possession and Distribution of Child Pornography, and Attempted Sexual Assault of a Child.

c.  Data files depicting sexual conduct, whether between adults or between adults and children.

d.  Correspondence, data files, documents, or records (whether digital or written) pertaining to the possession, receipt, origin, or distribution of images involving the Possession and

Distribution of Child Pornography, and Attempted Sexual Assault of a Child.

e.  Correspondence, data files, documents, or records (whether digital or written) exhibiting an interest or the intent to sexually exploit children, or to identify a particular user of the materials, or contraband, and any data or text, which tends to prove the identity of the computer user at a time that may be relevant to prove the Possession and Distribution of Child Pornography, and Attempted Sexual Assault of a Child.

f.  Computer software and application software, and the associated installation and operation media.

g.  Manuals and other documents (whether digital or written), which describe the operation of computer hardware, software, or property seized.

h.  Items that would tend to establish ownership or use of computers, and ownership or use of any Internet service accounts accessed to facilitate the sexual exploitation of children, to include credit card bills, telephone bills, correspondence, and other identification documents.

i.  Computer hardware, software, and data, related to the sharing of Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same Internet Protocol address.

j.  Items containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate computer hardware, software, or data seized.

k.  Items that would tend to show dominion and control of the property or premises searched, to include utility bills, telephone bills, correspondence, rental agreements, and other identification documents.

1.  Digital cameras, film cameras, video cameras, associated data storage devices and media, and all connecting hardware such as power cords, cables, and adapters needed for the operation of the described items. Data storage devices and media shall include (but not limited to) DVDs, CDs, memory cards and other solid-state media, tapes, and film.

5.  YOU ARE THEREFORE ORDERED, with the necessary and proper assistance, to search the above described premises for the purpose of seizing the before described property, and if found, to seize and deal with the same as provided by law.

6.  IT IS FURTHER ORDERED, that execution of the search warrant be forthwith during daylight hours.

7.  IT IS FURTHER ORDERED, that this Search Warrant, the Affidavit, and Subsequent Return be sealed by the Court until further order of this Court.

8.  IT IS FURTHER ORDERED, that Detective Bryan Svajgl, of the Papillion Police Department, or his designee, make return of this search warrant to me within ten days after the date hereof. An amended return may be filed after ten days, if seized and inventoried evidence pursuant to this warrant is further analyzed as authorized herein.

GIVEN under my hand this _16_ day of _MARCH_, 2015.

_____
SARPY COUNTY COURT JUDGE