IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WADITH STOCKINGER NADER and STACEY NICHOLE NADER,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE CITY OF PAPILLION; SARPY COUNTY; BRYAN SVAJGL; BENJAMIN IVERSEN; SCOTT A. LYONS; L. KENNETH POLIKOV; and JENNIFER MIRALLES,<br><br>        Defendants. | Case No. 8:17-cv-00083<br><br><br>REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

**NECivR 56.1 SUMMARY JUDGMENT PROCEDURE**

NECivR 56.1(b), Nebraska's local rule regarding opposing a Motion for Summary Judgment, states:

> "(1) *Response to Movant's Statement*. The party opposing a summary judgment motion must include in its brief a concise response to the moving party's statement of material facts. Each material fact in the response must be set forth in a separate numbered paragraph, must include pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies, and, if applicable, must state the number of the paragraph in the movant's statement of material facts that is disputed. <u>Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response.</u>"

The Naders' brief in opposition to the Municipal Defendants' Motion for Summary Judgment (Filing No. 52) fails to respond to and controvert each of the numbered paragraphs in the Municipal Defendants' statement of facts as required by NECivR 56.1(b)(1). Therefore, the Municipal Defendants' uncontroverted material facts, which are properly supported with pinpoint citations to the evidentiary record, must be deemed

admitted by the Court.  See Ballard v. Heineman, 548 F.3d 1132, 1133 (8th Cir. 2008); Nw. Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 724-25 (8th Cir. 2003).

### ARGUMENT

### THE NADERS MISCONSTRUE AND IGNORE THE EVIDENCE SUPPORTING A FINDING OF PROBABLE CAUSE TO ARREST MR. NADER

The Naders' contentions that "this case comes down to the fact that when the search of the Nader home was actually conducted, no evidence of any crime was found" (Filing No. 52, p. 8) and that "[i]n order to have probable cause to make an arrest the police unequivocally must have proof that a crime was committed" (Filing No. 52, p. 9) expose a misunderstanding of probable cause.  Probable cause exists "when the **totality of the circumstances** at the time of the arrest are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." Gilmore v. City of Minneapolis, 837 F.3d 827, 832 (8th Cir. 2016) (quoting Borgman v. Kedley, 646 F.3d 518, 523 (8th Cir. 2011)) (Emphasis added). The "reasonable person" criteria incorporated into the probable cause standard is designed to allow a degree of "reasonable mistakes" in making an arrest. Greenman v. Jessen, 787 F.3d 882, 888 (8th Cir. 2015).

Based on the evidence before the Court, probable cause, or at a minimum arguable probable cause, existed to arrest Mr. Nader despite the Naders' misplaced assertion that no actual child pornography images were found at the time of the execution of the Search Warrant.

To avoid duplication, the Municipal Defendants hereby incorporate the law set forth in the Sarpy Defendants' Reply Brief in Support of their Motion for Summary Judgment.  (Filing No. 48).

The Naders entirely ignore Detective Svajgl's four-month investigation that confirmed child pornography had been uploaded to Microsoft Skydrive from the email address wadith@hotmail.com that belonged to Wadith S. Nader of 912 Hickory Hill Road, Papillion, Nebraska. (Svajgl Affidavit ¶¶ 3-8). Without citing to any evidence, the Naders allege that the Municipal Defendants discovered that the "tip" was unfounded but still decided to arrest Mr. Nader. (Filing No. 52, p. 10). The Naders further assert that the "sole basis for the arrest of Mr. Nader is the possibility, provided solely by the tip, that Mr. Nader uploaded some image to Microsoft Sky Drive. There was no confirmation as to the date when this occurred, there was no confirmation as time when this occurred, there was no confirmation as to where this occurred, there was no evidence of who allegedly took an illegal action, there was simply no confirmation or proof of any kind of an action taken by Mr. Nader which allegedly might have been illegal." (Filing No. 52, p. 9).

Breaking down these allegations as set forth below, the Naders blatantly ignore the evidence before the Court and it is clear Mr. Nader's arrest was based on a thorough investigation, not solely on an uncorroborated tip, and probable cause to arrest Mr. Nader existed.

**Allegation:** The sole basis for the arrest of Mr. Nader is the possibility, provided solely by the tip, that Mr. Nader uploaded some image to the Microsoft Sky Drive.

**Response:** Mr. Nader did not just upload "some" image to Microsoft Skydrive and his arrest was not based solely on a random tip. Detective Svajgl received two CyberTips from NCMEC, which were reported by Microsoft that its customer with the email address wadith@hotmail.com uploaded to Microsoft Skydrive three images

3

**reported as child pornography** and four images suspected to be child pornography. The Nebraska State Patrol verified that the email address wadith@hotmail.com belonged to Wadith S. Nader of 912 Hickory Hill Road, Papillion, Nebraska. (Svajgl Affidavit ¶¶ 3-4, 8) (Emphasis added).

**Allegation:** There was no confirmation as to the date when this occurred, there was no confirmation as time when this occurred.

**Response:** The child pornography was uploaded from the email address wadith@hotmail.com to the Microsoft SkyDrive on December 3, 2014 at 18:13:17, 18:13:54, 18:22:44, 18:34:44, 18:36:22, 18:36:32, and 18:39:57 from IP address 75.163.85.5 (Exhibit "A" to S. Mertins Affd. (Filing 40-9, p.4)); (Exhibit "B" to S. Mertins Affd. (Filing 40-10, pp. 7-9)). CenturyLink confirmed that on December 3, 2014, this IP address belonged to Mr. Nader at 912 Hickory Hill Road, Papillion, Nebraska. (Svajgl Affidavit ¶¶ 9, 12, 14).

**Allegation:** There was no evidence of who allegedly took an illegal action, there was simply no confirmation or proof of any kind of an action taken by Mr. Nader which allegedly might have been illegal.

**Response:** As set forth above, it was confirmed that Mr. Nader's email and IP address was used to upload three confirmed child pornography images and four suspected images of child pornography. While executing the Search Warrant, Detective Svajgl spoke with Mr. Nader and he confirmed that his email had been wadith@hotmail.com, that he had moved some images to the Microsoft Skydrive, and that is likely how his wadith@hotmail.com email was locked from Microsoft. (Svajgl Deposition 92:17-93:9; 94:18-23; Mr. Nader Deposition 47:8-24; 65:1-7; 90:2-21; 156:6-

4

16). When Mr. Nader asked Microsoft why his email account was locked, Microsoft "said something about child pornography". (Mr. Nader Deposition 47:19-22). Mr. Nader also confirmed to Detective Svajgl that his main computer was the HP Envy laptop on which the suspected and confirmed child pornography was located. (Svajgl Affidavit ¶ 35; Svajgl Deposition 93:20-94:8; 94:23-25). While the Search Warrant was being executed, Mr. Nader did not express any concerns about the level of security measures on his Internet router or IP Address. Mr. Nader raised these issues for the first time in his October 26, 2017 affidavit. (Filing No. 54). These facts were not known to Detective Svajgl at the time of Mr. Nader's arrest, and are therefore irrelevant to this Court's qualified immunity analysis.

Based on Mr. Nader confirming during the execution of the Search Warrant that he had moved some images to the Microsoft SkyDrive, and Detective Svajgl already having viewed the child pornography images uploaded from Mr. Nader's email to Mr. Nader's Microsoft SkyDrive, Detective Svajgl believed this evidence supported Mr. Nader's having knowingly possessed child pornography. (Svajgl Deposition 104:3-9; Mr. Nader Deposition 47:8-24; 65:1-7; 90:2-21; 156:6-16).

The Naders' allegation that Detective Svajgl had his own doubts at the time of Mr. Nader's arrest because he called the County Attorney "to confirm whether or not an arrest should have been made" is also contrary to the evidence. (Filing No. 52, p. 11). County attorneys do not have the power of arrest and they cannot take custody of an individual. (Svajgl Deposition 137:4-8). When Detective Svajgl picked up the phone and called Miralles, he already believed he had probable cause to believe Mr. Nader had committed a crime. (Svajgl Affidavit ¶¶ 38-39).

Further ignoring Detective Svajgl's investigation, the Naders attempt to rely on *Swartz v. State*, 857 So.2d 950 (Fla. 2003) and *Roane v. City of Philadelphia*, 1999 WL 257759 (E.D. Penn. 1999), to argue that a tip alone is insufficient to establish probable cause for a warrantless arrest and that developments during the course of a search can effectively negate the tip and erode the basis for probable cause that the tip might have established. These cases are clearly distinguishable.

In *Swartz*, an arrest was made solely based on a telephone tip given to police concerning a possible burglary at a neighboring house. *Swartz* at 952. In *Roane*, a plain clothed officer stopped some individuals after they exited a car owned by their uncle. The police officer's partner had received a tip from an informant that one of the individuals had stolen a car and re-VINed it. Upon being stopped, the individuals provided documentation including insurance and registration to prove it was their uncle's car. The informant had stated the car had been re-VINed, but the examination showed the VIN number was intact. There was no evidence the car was stolen. Based on this, the *Roane* Court found that these developments effectively negated the informant's tip and eroded whatever basis for probable cause that tip established. *Roane* at *12.

The arrests in *Swartz* and *Roane* were predicated on uncorroborated tips without any investigation by law enforcement. Mr. Nader's arrest occurred after Detective Svajgl's four month investigation and Detective Svajgl's personal observation of seven images that likely constituted child pornography in violation of the laws of Nebraska, that were uploaded to Microsoft Skydrive from Mr. Nader's wadith@hotmail.com email using an IP address that belonged to Mr. Nader's residence. (Svajgl Affidavit ¶¶ 5, 7, 8,

6

9, 10, 12, 14). Probable cause to arrest Mr. Nader existed, and summary judgment must be granted.

## THE NADERS' REMAINING CLAIMS

The Municipal Defendants' Brief in Support of Summary Judgment (Filing No. 50) sufficiently addresses the Naders' malicious prosecution, conspiracy, failure to train claims and Mrs. Naders' claims. All of the claims brought by the Naders are ripe for summary judgment based on qualified immunity.

## CONCLUSION

The evidence in this matter confirms that Detective Svajgl had probable cause, or at a minimum arguable probable cause, to arrest Mr. Nader. Based on this, the Municipal Defendants' are entitled to qualified immunity and their Motion for Summary Judgment must be granted.

DATED this 2nd day of November, 2017.

    THE CITY OF PAPILLION, BRYAN SVAJGL, BENJAMIN IVERSEN AND SCOTT A. LYONS, Defendants

By: */s/ Ryan M. Kunhart*
    Ryan M. Kunhart, #24692
    Jeffrey J. Blumel, #19011
    Dvorak Law Group, LLC
    13625 California Street, Suite 110
    Omaha, Nebraska 68154
    rkunhart@ddlawgroup.com
    jblumel@ddlawgroup.com
    Telephone: 402-934-4770
    Attorneys for Defendants the City of Papillion, Bryan Svajgl, Benjamin Iversen and Scott Lyons

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher J. Tjaden: ctjaden@grosswelch.com
Zachary W. Lutz-Priefert: zlutzpriefert@grosswelch.com
Vincent Valentino: vince@nrmainc.info


*s/ Ryan M. Kunhart*
Ryan M. Kunhart