# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1402
_____

Wadith Stockinger Nader; Stacey Nichole Nader

*Plaintiffs - Appellants*

v.

City of Papillion; Sarpy County, Nebraska; Bryan Svajgl; Benjamin Iversen; Scott A. Lyons; L. Kenneth Polikov; Jennifer Miralles

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: December 11, 2018
Filed: March 8, 2019

_____

Before LOKEN, MELLOY, and ERICKSON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Plaintiff Wadith Nader appeals the district court's[1] grant of summary judgment against his 42 U.S.C. § 1983 claim for unlawful arrest in violation of the Fourth Amendment. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I. Background

In December 2014, the National Center for Missing and Exploited Children ("NCMEC") received two tips from Microsoft regarding seven images of child pornography that had been uploaded to Microsoft's SkyDrive. The images had been uploaded by a Microsoft customer with the email address wadith@hotmail.com. NCMEC forwarded the tips to the Nebraska State Patrol, which in turn forwarded the tips to the Papillion, Nebraska Police Department for further investigation. The matter was assigned to Detective Bryan Svajgl. Svajgl determined that the images likely constituted child pornography. He also determined that the email account from which they had been uploaded belonged to Wadith Nader, who lived in Papillion, Sarpy County, Nebraska. Svajgl then obtained a warrant to search Nader's residence for evidence of suspected child pornography violations, including possession of child pornography under Neb. Rev. Stat. § 28-813.01. Nader does not contest the validity of the search warrant.

Svajgl conducted the search along with a team of detectives on March 17, 2015. The team included Detective Benjamin Iversen, an officer skilled in analyzing and reviewing computer files. While in Nader's home, Iversen used a special computer program to scan computers and other hardware owned by Nader for child pornography. A scan of one of Nader's computers revealed a large volume of pornographic images. It also returned twenty-three keyword hits, which are words that are defined as related to child pornography, and one hash value of interest, which

---

[1] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

indicated the potential presence of an image of child pornography on the computer.[2] At Nader's home, Iversen was unable to review the image associated with the hash value of interest to determine whether it actually contained child pornography. He did, however, report the results to Svajgl. Svajgl then spoke with Nader. Nader confirmed that he had searched for adult pornography but denied searching for any child pornography. He also confirmed that he had uploaded files to the Microsoft SkyDrive and mentioned that he might have accidentally uploaded child pornography. The detectives seized the computer and several cell phones for later review.

Based on Nader's confirmation that he had uploaded some images to the Microsoft SkyDrive and the fact that seven images of child pornography had been uploaded to the Microsoft SkyDrive from Nader's email, Svajgl believed he had probable cause to arrest Nader. Before arresting Nader, he called Sarpy County Deputy Attorney Jennifer Miralles (now Jennifer Hessig) to confirm that he had probable cause. Hessig was "on call" that day to answer questions from law enforcement officers that arose during the ordinary course of business. She agreed that Svajgl had probable cause to arrest Nader. Svajgl then arrested Nader and served him with a Uniform Citation and Complaint for possession of child pornography. Following the arrest, Svajgl filed an Affidavit in Support of a Warrantless Arrest with the County Court of Sarpy County. On March 18, 2015, the reviewing judge signed a Probable Cause Detention Order authorizing the detention of Nader. Ultimately, none of the seven child-pornography images flagged by Microsoft were discovered among the devices seized from Nader's house. Several other images of child pornography were eventually found on one of Nader's devices, but he was not prosecuted for possessing those images because prosecutors questioned whether they could prove that Nader "knowingly possessed" them.

---

[2] A hash value is essentially a digital finger print. Microsoft and other technology companies maintain a database of hash values associated with child pornography. Thus, a hash value of interest indicates the potential presence of an image of child pornography.

-3-

In May 2015, Nader filed a lawsuit asserting various federal and state law claims against Svajgl, Iversen, Hessig, Scott Lyons, (the Chief of Police of the Papillion Police Department), L. Kenneth Polikov (the Sarpy County Attorney), the City of Papillion, and Sarpy County. All of the individual Defendants were sued in their individual capacities. The district court granted Defendants' motions for summary judgment on all claims. Nader appeals only the district court's grant of summary judgment on his 42 U.S.C. § 1983 claim for unlawful arrest in violation of the Fourth Amendment. On that claim, the district court found: (1) Svajgl and Iversen were entitled to qualified immunity; (2) Hessig was entitled to either absolute immunity or qualified immunity; (3) Lyons and Polikov were entitled to qualified immunity; and (4) Sarpy County and the City of Papillion could not be subject to municipal liability.

## II. Standard of Review

We review the district court's grant of summary judgment based on qualified immunity de novo, "viewing the evidence in the light most favorable to [Nader] and drawing all reasonable inferences in [his] favor." Malone v. Hinman, 847 F.3d 949, 952 (8th Cir. 2017) (second alteration in original) (citation omitted). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An official is entitled to qualified immunity unless (1) the evidence, viewed in the light most favorable to the plaintiff, establishes a violation of a constitutional or statutory right, and (2) the right was clearly established at the time of the violation." Malone, 847 F.3d at 952.

## III. Discussion

"A warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause, and an officer is entitled to qualified immunity if there

-4-

is at least 'arguable probable cause.'" Borgman v. Kedley, 646 F.3d 518, 522–23 (8th Cir. 2011) (quoting Walker v. City of Pine Bluff, 414 F.3d 989, 992 (8th Cir. 2005)). A detective has probable cause to arrest "when the totality of the circumstances at the time of the arrest 'are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense.'" Id. at 523 (quoting Fisher v. Wal–Mart Stores, Inc., 619 F.3d 811, 816 (8th Cir. 2010)). "Arguable probable cause exists even whe[n] an officer mistakenly arrests a suspect believing [the arrest] is based in probable cause if the mistake is objectively reasonable." Hosea v. City of St. Paul, 867 F.3d 949, 955 (8th Cir. 2017) (alteration in original) (quoting Ehlers v. City of Rapid City, 846 F.3d 1002, 1009 (8th Cir. 2017)). Whether probable cause exists is a question of law to be "determined at the moment the arrest is made, and 'any later developed facts are irrelevant to the . . . analysis.'" Id. (quoting Gilmore v. City of Minneapolis, 837 F.3d 827, 833 (8th Cir. 2016)). A detective "need not conduct a 'mini-trial' before effectuating an arrest" and "when assessing whether a suspect possessed the state of mind required for the crime . . . he need not rely on an explanation given by the suspect." Borgman, 646 F.3d at 523–24 (citations omitted). However, a detective "cannot avoid 'minimal further investigation' if it would have exonerated the suspect." Id. at 523 (quoting Kuehl v. Burtis, 173 F.3d 646, 650 (8th Cir. 1999)).

Svajgl had probable cause to arrest Nader. The totality of the circumstances at the time of the arrest, as described above, were sufficient for Svajgl to believe that Nader had committed or was committing the offense of possessing child pornography. Nader argues that minimal further investigation of the hash value of interest would have revealed that the image it was associated with was not child pornography. But, even assuming Svajgl had discovered that fact, probable cause would have still existed. Seven images of child pornography had been uploaded from Nader's email to Microsoft's SkyDrive, Nader himself acknowledged that he may have uploaded child pornography accidentally (an excuse Svajgl was not required to believe), and the twenty-three keyword hits still indicated the potential presence of child

-5-

pornography on Nader's computer. In sum, Svajgl and Iversen, to the extent Iversen was even involved, are entitled to qualified immunity because their arrest of Nader did not violate the Fourth Amendment. For that same reason, the remaining individual defendants are also entitled to qualified immunity.

Further, Sarpy County and the City of Papillion cannot be subject to municipal liability. "To establish municipal liability under § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." Moyle v. Anderson, 571 F.3d 814, 817 (8th Cir. 2009). As we held in Webb v. City of Maplewood, however, "'there must be an unconstitutional act by a municipal employee' before a municipality can be held liable." 889 F.3d 483, 487 (8th Cir. 2018) (citation omitted). Thus, because we find that no municipal employee committed an unconstitutional act, municipal liability cannot attach to Sarpy County and the City of Papillion.

## IV. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

_____